COMMONWEALTH *vs.* ELIZABETH EVERSON.

Franklin. Oct. 30. — Nov. 2, 1885. FIELD & C. ALLEN, JJ., absent.

At the trial of a complaint for keeping a tenement used for the illegal sale and illegal keeping of intoxicating liquors, it appeared that the defendant was licensed as an innholder, and to sell intoxicating liquor to be drunk on the premises. The government offered evidence tending to prove that a public bar was kept thereon. The defendant's evidence tended to show that lunch was kept upon the bar; and, to show that this was not done in fraud of the law, the defendant offered to prove that he was ignorant that the keeping or not keeping of lunch on the bar made any difference in law. *Held,* that the evidence was inadmissible.

A person licensed as an innholder, and to sell intoxicating liquors to be drunk on the premises, may be convicted of keeping a "public bar," within the Pub. Sts. c. 100, § 9, *cl.* 5, if he sells and delivers, not in connection with food, intoxicating liquors indiscriminately to such persons as may call for them, over a bar, although the bar is also used for luncheon purposes.

COMPLAINT, in two counts, for keeping and maintaining a common nuisance, to wit, a certain tenement in Buckland, used for the illegal sale and illegal keeping of intoxicating liquors, on May 1, 1883, and on divers other days and times between that day and May 31, 1884. Trial in the Superior Court, before *Staples,* J., who allowed a bill of exceptions, in substance as follows:

It appeared that a license of the first and fourth classes to sell intoxicating liquors was issued to the defendant by the .selectmen of the town of Buckland, on May 1, 1883, to continue in force one year; and that, on May 5, 1883, she received from said

selectmen a license as an innholder, and carried on her employment as such in said tenement.

To show that the sales of intoxicating liquors, shown by the evidence offered by the government, were illegal, and not justified by the license, the government offered evidence tending to prove that the defendant kept a public bar. It appeared that there was a counter or bar in the licensed room of the defendant's inn, and a number of tables; that various sales of ale and lager beer were made there; that such sales were sometimes made over said counter and sometimes not; that there was lunch on the counter at the time of such sales; and that sales of intoxicating liquors were made over the bar to persons who did not eat any lunch.

The defendant contended that her acts in keeping lunch upon her counter for her patrons were not done as a pretence to evade the condition of her license relative to a public bar; that she was ignorant of the law relating to a public bar, and ignorant that the sales or furnishing of lunch from said counter, or sales of liquor without lunch therefrom, had any relation to the question whether it was a public bar; that she habitually, during the time alleged in the complaint, kept lunch thereon, as above described, before any decisions of any court defining a public bar had been made or published, and that, at the time charged in the first count, it was not generally known to the public or to the legal profession that a bar used for the sale of liquors alone without lunches was a public bar, their attention not having been called to the question, and she contended that her ignorance of what the law was relative to a public bar tended to show that her said acts in the use of said counter for lunch were really done to keep the counter as a lunch counter, and not with the purpose to evade the law relative to a public bar by fraud, and that it was so kept as a lunch counter; that there was an absence of public information and of information among the legal profession on this subject at the time of her alleged offence; and that this tended to prove her ignorance of the law at that time; and she called as a witness an attorney shown to be duly qualified in the law and to be an expert in criminal practice, and asked him this question: "What and when made were the earliest decisions of the Supreme Judicial Court relative

to any questions arising about a public bar?" But the judge excluded the question.

She then asked the witness this question: "Was it generally known among the profession prior to October, 1883, that the fact whether lunch was kept for sale on a counter related to the question whether it was a public bar or not?" But the judge also excluded this question.

She then offered in evidence volume 135 of the Massachusetts Reports, and the report therein of the case of Commonwealth against Rogers, and the date at the heading of that report, on page 536. The judge excluded the evidence.

The defendant asked the judge to instruct the jury as follows: "If the counter was kept habitually for the purposes of furnishing lunch to persons patronizing the defendant's inn, and for use for such purposes, it was not a public bar, kept contrary to the conditions of the defendant's license, though intoxicating liquors were also sold therefrom while so habitually kept."

The judge refused to give this instruction; adopted as an instruction the second and third paragraphs of the opinion in the case of Commonwealth v. Rogers, 135 Mass. 536, 539; and further instructed the jury as follows: "If the jury should be satisfied beyond a reasonable doubt, upon all the evidence in the case, that the defendant kept a bar or counter as appears in the evidence, that this bar or counter was kept by the defendant open to the public, so that all customers at the hotel and reputable persons generally had access to, and were there supplied indiscriminately by the defendant with, intoxicating liquors, the same being sold by the defendant to such as asked therefor, and drunk upon the premises, without at the same time ordering or eating food of any kind, the jury would be justified in finding that the defendant kept a public bar within the meaning of the statute."

The defendant asked the judge to instruct the jury that they could not find a counter, or other thing, to have been a public bar, kept by the defendant contrary to the condition in her license relative to a public bar, unless the government should prove beyond a reasonable doubt that it was not customarily kept for the purpose of keeping lunch thereon for the entertainment of all persons patronizing the inn therefor, even if intoxicating

liquors were sometimes sold there also; the judge gave this instruction.

The defendant asked the judge to give the same instruction with the following words added thereto, namely, " at.times when there was no lunch on said counter," and the judge gave the same. The judge also, at the request of the defendant, gave the same instruction as first given with the following words added thereto, namely, " to persons not taking lunch." The judge instructed the jury, that if the counter, as customarily kept, was a lunch counter, designed and used for furnishing lunches, it would not be a public bar merely because sales of liquor were sometimes made there.

The jury returned a verdict of guilty; and the defendant alleged exceptions to all the rulings and instructions, except those given at her request or stated to have been given without objection from her, and to the refusals to rule as requested.

*H. Winn*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. 1. It is too clear to call for any discussion, that the defendant's ignorance of the law is no defence, and that the evidence offered for the purpose of proving such ignorance was rightly rejected.

2. The rulings upon the question whether the defendant kept a public bar were in accordance with the decision in *Commonwealth* v. *Rogers*, 135 Mass. 536; and were sufficiently favorable to the defendant.                    *Exceptions overruled.*