COMMONWEALTH vs. HERBERT R. JOHNSON.

Norfolk.    January 4, 1965. — March 1, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Motor Vehicle*, Recording of violations of law.    *Practice, Criminal*, Motor
vehicle violations.

G. L. c. 90C, § 2, as inserted by St. 1962, c. 789, § 2, meant that a cita-
tion on which a police officer had recorded the occurrence of an auto-
mobile law violation by an offender whom he had placed under arrest
need not bear a written recommendation of disposition by anyone, not
merely that it need not bear a recommendation by the police chief, and
did not require that a citation bear an endorsement by anyone in the
absence of a recommendation.    [588]
At the trial of a complaint for an automobile law violation against a de-
fendant arrested by two police officers, an inference that a citation
showing the arrest had been exhibited to the justice or clerk of the Dis-
trict Court before the issuance of the complaint as required by G. L.
c. 90C, § 4, as inserted by St. 1962, c. 789, § 2, was warranted by evi-
dence of a copy of a citation signed by one of the arresting police
officers and filed with the registrar of motor vehicles and by the expecta-
tion that the justice or clerk acted in accordance with the law.    [588]
The evidence at the trial of a complaint for an automobile law violation
eight months after the offence did not require a finding that the original
citation recording the violation had not been "mailed to . . . [the de-
fendant] at his mail address or his residential address" in accordance
with G. L. c. 90C, § 2, as inserted by St. 1962, c. 789, § 2, even if it had
not been "delivered" to or received by him.    [588]

COMPLAINTS filed in the District Court of Northern Nor-
folk on October 17, 1963.

Upon appeal to the Superior Court, the cases were tried
before *Snow*, J., a District Court judge sitting under statu-
tory authority.

*Aram K. Conragan, Jr.*, for the defendant.

*Walter E. Palmer*, Assistant District Attorney, for the
Commonwealth.

WHITTEMORE, J.    The defendant was arrested on Octo-
ber 16, 1963, by officers Kelley and Nash of the Westwood

police department and he was subsequently charged in three complaints in the District Court of Northern Norfolk with being drunk, driving negligently so as to endanger the lives and safety of the public, and driving under the influence of intoxicating liquor.

On appeal to the Superior Court he was tried before a jury on June 15, 1964, and found guilty of driving under the influence and not guilty of the other charges. In the course of the trial and at the close of the evidence the defendant moved to quash and to dismiss each complaint because of failure of the Commonwealth to comply with G. L. c. 90C. The defendant's bill of exceptions alleges error in the denial of the motions.

General Laws c. 90C, inserted by St. 1962, c. 789, § 2, provided in § 2[1] that a police officer shall record automobile law violations on a citation which he shall "complete and sign . . ., and deliver . . . to the chief"; also that within three days "the police chief or an officer of a rank not less than sergeant . . . shall endorse said citation and shall make a written recommendation of the disposition of said citation." It provided further that the original of the citation be delivered to the offender or mailed to him, that a copy be delivered to the registrar of motor vehicles and that "[t]he written recommendation of the police chief . . . shall not be required in arrest cases." Section 4 provided: "No justice or clerk of a district court shall issue a criminal complaint to a police officer for an automobile law violation . . . unless such officer exhibits . . . a copy of a citation showing either that a complaint has been recommended or that an arrest has been made."[2]

Officer Kelley testified that he did not make out, sign or present to the clerk or justice the statutory citation. Officer Nash testified that he made out the citation and signed it. A copy of the citation filed with the Registry on Octo-

---

[1] Statute 1963, c. 637, § 2, and c. 818 made changes in this section.

[2] Statute 1964, c. 540, adds to this sentence the words "or unless no police officer observed such violation or, if a police officer did observe such violation, he was unable to identify the offending operator."

Commonwealth *v.* Johnson.

ber 29, 1963, received in evidence, showed that it had been signed by officer Kelley and had no endorsement by the police chief or an endorsing officer. The defendant testified that he never received a copy of the citation.

The defendant specifies three omissions in the statutory procedure and contends that failure of strict adherence has "negate[d] the complaint," so that, as we understand it, there was an absence of jurisdiction — a point that could be raised at any time. We rule that the record does not show the omissions alleged.

The statutory exemption, operative where there was an arrest, made the endorsement of a recommendation of disposition unnecessary. The intent of the statute was to exclude a recommendation by anyone, not just a recommendation by the chief of police; further, the statute did not intend to continue a requirement of an endorsing signature in the absence of a recommendation.

There was no evidence requiring the conclusion that a signed citation had not been exhibited to the clerk or justice by one officer or the other. The inference from the existence of a signed citation in the Registry files and the expectation that the clerk or justice would act in accordance with the law is that the statute was complied with.

The third omission relied on was the failure to deliver or mail the original citation to the defendant. There was no evidence requiring the finding that the citation if not "delivered to the offender" or not otherwise received by him had not been "mailed to him at his mail address or his residential address" in accordance with the statute, G. L. c. 90C, § 2, as then in force. Neither officer was asked as to this. No inference adverse to the Commonwealth was required from the conflicting testimony. The case was tried eight months after the events occurred.

*Exceptions overruled.*