COMMONWEALTH *vs.* LAWRENCE P. FEDERICO.

Bristol.   April 1, 1968. — May 2, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law.   *Police.*

The power given to a police officer by G. L. c. 90C, § 2, as appearing in St. 1965, c. 692, § 3, to issue citations and seek complaints for violations of the motor vehicle laws was limited to violations occurring in his presence.

COMPLAINT received and sworn to in the First District Court of Bristol on June 20, 1966.

Upon appeal to the Superior Court, a question of law was reported by *Bento,* J., a District Court judge sitting under statutory authority.

*Michael R. Pizziferri (Joseph A. Todisco* with him) for the defendant.

*L. Barry Tinkoff,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J.   The defendant made a motion to dismiss a complaint charging him with "[f]ailure to use care in making [a] left turn."   The motion was heard in the Superior Court on the following statement of agreed facts: The defendant was "lawfully and legally operating a motor vehicle" on a public highway when he "made a left turn, which was not prohibited by law and a collision resulted. . . . About a quarter hour after the collision a police officer . . . arrived . . . and after talking with both operators, whose version of the collision conflicted, he issued to the defendant a motor vehicle violation citation under . . . G. L. c. 90C, § 2, charging the defendant with failing to use care in making a left turn."

The judge denied the motion and then reported the case on this question: "Whether . . . on the facts stated . . . the police officer had the right or authority to issue the citation and to seek a complaint."

General Laws c. 90C, § 2, as amended through St. 1965, c. 692, § 3, reads in pertinent part as follows: "Any police

officer assigned to traffic enforcement duty shall record the occurrence of automobile law violations upon a citation, filling out the citation and each copy thereof as soon as possible and . . . indicating thereon whether a complaint shall be applied for, or whether a written warning shall be issued. Said police officer shall inform the offender of the violation and shall give the original of the citation to the alleged offender. A failure to give the original of the citation to the offender at the time and place of the violation shall constitute a defence in any trial for such offense, except where the violator could not have been stopped. . . . Nothing in this chapter shall prevent a person other than a police officer from applying for a criminal complaint for an automobile law violation, and such person need not show that the alleged offender has been issued a citation in connection with such offense."

Since the statute is penal in nature, it must be strictly construed. *Commonwealth* v. *Hayden*, 211 Mass. 296, 297. General Laws c. 90C, § 2, clearly requires that the violator be given the original of the citation "at the time and place of the violation." We believe that this requirement raises the strong inference that the offence must occur in the presence of the officer issuing the citation. The provision dispensing with this requirement where the violator cannot be stopped lends further emphasis to the inference that the police officer must be a witness to the violation. Since any person "other than a police officer" may apply for a criminal complaint without fulfilling the requirements for issuing a citation, this interpretation of the statute is not inconsistent with the purpose of facilitating law enforcement. In the instant case, a complaint could have been sought by the driver of the car with which the defendant's car collided. We are of opinion that in giving police officers the power to issue citations and seek complaints in motor vehicle cases, the Legislature has so drawn G. L. c. 90C, § 2, as to limit that power to violations occurring within the presence of the officer. The question is answered in the negative.

*So ordered.*