COMMONWEALTH *vs.* CECIL R. FREEMAN.

Barnstable.   October 7, 1968. — November 6, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law.   *Evidence,* Burden of going forward.

At the trial of a complaint for a violation of a motor vehicle law, where the Commonwealth introduced evidence that a traffic police officer stopped the defendant on a public way, and, after questioning and observation, placed him under arrest, the fact that the Commonwealth did not introduce any evidence of the officer's having given the defendant the original of a citation pursuant to G. L. c. 90C, § 2, as appearing in St. 1965, c. 692, § 3, or of the existence of any circumstance excusing the officer's failure to do so did not establish a defence under the statute requiring an acquittal as a matter of law inasmuch as the defendant did not introduce any evidence putting such defence in issue.

COMPLAINT received and sworn to in the First District Court of Barnstable on June 20, 1967.

Upon appeal to the Superior Court the case was heard by *Bento,* J., a District Court judge sitting under statutory authority.

*John P. Curley, Jr., & Richard L. Curley,* for the defendant, submitted a brief.

*Armand Fernandes, Jr.,* Assistant District Attorney, for the Commonwealth.

CUTTER, J.   Freeman was tried in the Superior Court, before a judge sitting without a jury, for operating a motor vehicle on June 19, 1967, while under the influence of in-

toxicating liquor. G. L. c. 90, § 24 (as amended through St. 1966, c. 316; see later amendments by St. 1967, c. 773, and St. 1968, c. 259). The "Commonwealth offered evidence that . . . [Freeman] was stopped by a traffic officer on a public way and [that] after questioning and observation, the police officer placed . . . [Freeman] under arrest." No evidence was offered by the Commonwealth that Freeman was given the original of a citation under G. L. c. 90C, § 2 (as amended through St. 1966, c. 64, and prior to its amendment by St. 1968, c. 725).

Freeman's "case was put in denying the Commonwealth's complaint on the merits."[1] He filed at the close of the evidence a motion that the judge "direct a verdict" on the ground that the Commonwealth did not comply with c. 90C, § 2, in that it "failed to prove that the original of the citation was given to" Freeman and "in the alternative failed to show any . . . circumstance to excuse such failure." Freeman was found guilty. The case is before us on Freeman's bill of exceptions.

We need not decide whether, under c. 90C, § 2, where a defendant, charged with a motor vehicle violation, is arrested on the spot and a complaint is promptly sought, delivery of a citation to the defendant is necessary, or whether the statute (see the italicized language in the provisions quoted below) indicates that delivery of the citation to the alleged offender has no practical purpose in such circumstances. We are of opinion that, even if a citation is necessary in such instances, the bill of exceptions does not require reversal of Freeman's conviction. Chapter 90C, § 2, provides in part (emphasis supplied): "Any police officer *assigned to traffic enforcement duty* shall record the occurrence of automobile law violations upon a citation, filling out the citation [defined in § 1, as appearing in St. 1965, c. 692, § 2, as containing, among other things an "original" and a "request for a complaint"]

---

[1] We interpret this statement in the bill of exceptions as asserting that Freeman's evidence (a) merely denied that he had operated a motor vehicle while under the influence of liquor, and (b) did not relate to the procedure with respect to a citation. From this record, there is no basis for inferring that a citation was not in fact delivered to Freeman.

and each copy thereof as soon as possible and as completely as possible and indicating thereon whether a complaint shall be applied for, or whether a written warning shall be issued. Said police officer shall inform the offender of the violation and *shall give the original of the citation* to the alleged offender. [A] A failure to give the original of the citation to the offender at the time and place of the violation *shall constitute a defence in any trial for such offense,* except where the violator could not have been stopped, *or where the court finds that some other circumstance,* not inconsistent with the purpose of this section, *namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure.* In such case the automobile law violation shall be recorded upon a citation as soon as possible after such violation and the citation shall be delivered to the offender or mailed to him at his residential or mail address or to the address appearing on his license or registration."[2]

Under the next to the last sentence of the provision just quoted (following "[A]" inserted for convenient reference), we think that the defendant at least must come forward with evidence sufficient to place the defence in issue. The Commonwealth is not required, as part of its case, to prove the procedural fact that the defendant has received the citation as required by the statute. Any requirement of c. 90C, § 2, concerning the delivery of the citation is not a necessary element of the substantive offence charged, which is defined by c. 90, § 24, but appears in a wholly different statute. See the analogous rule that the prosecution need not prove that a defendant is not within an exception to an offence defined by statute, where the exception does not appear in, or constitute a part of, the definition of the offence, *Commonwealth*

---

[2] Later provisions of § 2 (emphasis supplied) provide: (1) "If a police officer arrests any person without a warrant for any automobile law violation, *such arrest shall be noted on the request for the complaint,*" and (2) "Nothing in this chapter shall prevent a person other than a police officer from applying for a criminal complaint for an automobile law violation, and such person *need not show that the alleged offender has been issued a citation* in connection with such offense." We do not interpret the italicized language of the last quoted sentence as affecting in any way by implication the provision (quoted in the body of this opinion) that failure to give the original of the citation to the offender shall constitute "a defence."

v. *Hart,* 11 Cush. 130, 133–137; *Commonwealth* v. *Jennings,* 121 Mass. 47, 49–53; *Commonwealth* v. *Shannihan,* 145 Mass. 99; *Couture* v. *Commonwealth,* 338 Mass. 31, 32, fn. 1; *United States* v. *Cook,* 17 Wall. 168, 173–178.[3] Even if it be assumed that delivery of the citation was required, the issue could not be raised by Freeman's motion.

The facts do not present the issue decided in *Commonwealth* v. *Federico, ante,* 206, 207. See St. 1968, c. 725.

*Exceptions overruled.*

---

[3] See also *United States* v. *Fleischman,* 339 U. S. 349, 360–365; *Williams* v. *United States,* 138 F. 2d 81, 82–84 (Ct. App. D. C.); *Corin* v. *United States,* 313 F. 2d 641, 652–654 (1st Cir.), cert. den. 374 U. S. 829; *Sagansky* v. *United States,* 358 F. 2d 195, 201–203 (1st Cir.), cert. den. 385 U. S. 816; Am. Law Inst., Model Penal Code (Tent. Draft No. 4, 1955) § 1.13 (2) and (3), p. 7, and comment, pp. 108–114, and (Proposed Official Draft, 1962), § 1.12 (2), p. 20; annotation, 153 A. L. R. 1218; 29 Am. Jur. 2d, Evidence, §§ 154, 156. Cf. *Tot* v. *United States,* 319 U. S. 463, 467–472.