COMMONWEALTH *vs.* FRANK C. GORMAN.

Middlesex.    October 7, 1969. — October 30, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law.

A defendant, arrested at the time and place of a violation of a motor vehicle law and informed of the charge against him, but not given a citation pursuant to G. L. c. 90C, § 2, as amended by St. 1968, c. 725, §§ 1, 2, until the original citation was given to him later the same day, was not entitled at his trial to the benefit of the provision of the statute that a failure to give the original of the citation to the offender at the time and place of the violation shall constitute a defence.

COMPLAINT received and sworn to in the District Court of Somerville on July 25, 1968.

Upon appeal the case was tried before *O'Neill,* J., in the Third District Court of Eastern Middlesex.

*James A. O'Donovan,* for the defendant, submitted a brief.

*Leonard M. Frisoli, Jr.,* Assistant District Attorney, for the Commonwealth.

SPALDING, J.    The defendant was tried in a District Court before a jury of six pursuant to St. 1964, c. 628, on a complaint charging drunkenness and operating a motor vehicle while under the influence of intoxicating liquor. The defendant was found not guilty of the drunkenness charge and guilty of operating a motor vehicle while under the influence of intoxicating liquor.

The case is here on the defendant's exception to the denial of his motion for a directed verdict. The basis for the motion is that the defendant did not receive a citation from the arresting officer at the time and place of the violation as required by G. L. c. 90C, § 2.

We summarize the pertinent evidence as follows. Shortly after midnight on July 25, 1968, the defendant was arrested

by Officer DeSimone of the Somerville police department, who notified the defendant that he was under arrest for operating a motor vehicle while under the influence of intoxicating liquor and for drunkenness. The defendant was placed in a patrol car and taken to the police station. The arresting officer, DeSimone, arrived at the station about twenty minutes later. He took his "citation book" from his locker and made out a citation to the defendant, but did not give it to him in hand either then or at any time thereafter. He gave the citation to his commanding officer who "put it with the defendant's belongings." The defendant was then taken to the Metropolitan District Commission police station where a "breathalyzer" examination was made. Thereafter, the defendant was taken back to the Somerville police station where he remained until his arraignment in the Somerville District Court in the morning. Throughout the period of his custody the defendant was "conscious, alert, and cooperative" and was "aware of all that went on around him." Upon leaving the court room following arraignment, a court officer gave to the defendant "his wallet, other items of personalty . . . and a citation."

The governing statute (G. L. c. 90C, § 2) was recently construed by this court in *Commonwealth* v. *Federico*, 354 Mass. 206, where it was held that an officer must be a witness to the violation for which he issues a citation. Shortly after the *Federico* decision the statute was amended to permit a citation to issue for a violation even though it has not occurred in the presence of the officer issuing the citation. St. 1968, c. 725, § 1. Another portion of the amending statute (St. 1968, c. 725, § 2) also made some changes in the wording of the conditions under which a failure to give a citation at the time and place of the violation does not constitute a defence in a trial for that violation. This portion of the amendment (which became effective on July 22, 1968, three days before the offence charged in the complaint) reads: "A failure to give the original of the citation to the offender at the time and place of the violation

shall constitute a defense in any trial for such offense, except where the violator could not have been stopped *or where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender* or where the court finds that some circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure. In such case the automobile law violation shall be recorded upon a citation as soon as possible after such violation and the citation shall be delivered to the offender or mailed to him at his residential or mail address or to the address appearing on his license or registration" (emphasis supplied).[1]

In *Commonwealth* v. *Freeman,* 354 Mass. 685, 686, a defence similar to the one advanced here was raised under the predecessor of the present c. 90C, § 2. We found it unnecessary to "decide whether, under c. 90C, § 2, where a defendant, charged with a motor vehicle violation, is arrested on the spot and a complaint is promptly sought, delivery of a citation to the defendant is necessary, or whether the statute . . . indicates that delivery of the citation to the alleged offender has no practical purpose in such circumstances." The question left open in the *Freeman* case is now squarely presented. Thus we must now decide whether a defendant who is arrested for an automobile violation, but who does not also receive a citation at the time of arrest, is entitled to the defence provided by c. 90C, § 2.

We are of opinion that there has been compliance with § 2 and that the defendant is not entitled to prevail. The citation provisions of § 2 are aimed at insuring that a motorist, who has not been arrested, receives immediate notice of the violations with which he is charged, and whether a complaint or merely a written warning will issue. The statute thus is designed to prevent a situation in which a person cannot establish a defence due to his being charged

---

[1] The words added by the 1968 amendment are italicized.

with a violation long after it occurs. Nothing in the statute, however, suggests that such additional notice as is provided by a citation is necessary when an arrest occurs. Nor can we see how anything useful would thereby be achieved. On the contrary, if motorists who commit violations so serious as to call for arrest can invoke the defence provided by § 2, the express purpose of the statute, which is "to cause violators of automobile law to be brought uniformly to justice," would be thwarted. Where a person is arrested and generally dealt with by the police in such a manner that he can have no doubt about the offence with which he is charged, the provisions for the prompt and definite notice contained in c. 90C, § 2, are amply satisfied. We hold that an arrest, accompanied by the arrested person's awareness that he is being charged with a motor violation, is a circumstance "not inconsistent with the purpose of" § 2 and that the delivery of a citation at the time and place of the offence is not required. The defendant's motion for a directed verdict was rightly denied.

*Exceptions overruled.*