COMMONWEALTH *vs.* PAUL R. CLINTON.

Middlesex. November 8, 1977. — March 30, 1978.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law. *Statute,* Construction.

The failure of the police to observe the statutory deadline of G. L. c. 90C, § 2, fourth paragraph, required dismissal of complaints for motor vehicle violations. [720-721]

COMPLAINTS received and sworn to in the Third District Court of Eastern Middlesex on August 10, 1976, and August 12, 1976, respectively.

The cases were heard by *Bailey, J.*

*Richard S. Barton* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   This case came before the court on a bill of exceptions, following a jury waived trial in the Third District Court of Eastern Middlesex at which the defendant was convicted of negligently operating a motor vehicle so as to endanger the lives and safety of the public, G. L. c. 90, § 24, and refusing to stop for a police officer, G. L. c. 90, § 25. The judge heard and denied motions to dismiss each of the complaints, and he imposed fines of $75 and $50 respectively. We hold that the motions to dismiss should have been allowed.

We summarize the facts. On July 20, 1976, an officer of the Metropolitan District Commission (M.D.C.) stopped the defendant while he was driving an automobile in Cambridge. The officer properly completed two citations, delivering the originals in hand to the defendant. The defendant was cited for violations of G. L. c. 90, §§ 24 and 25, and each citation was clearly designated "complaint," as required by G. L. c. 90C, § 2, par. 2.

The same evening, after issuing the above citations, the complaining officer returned to his assigned station (M.D.C. — Old Colony Division) and deposited the portion of each citation known as the "request for a complaint," G. L. c. 90C, § 2, par. 4, with the M.D.C. motor vehicle complaint clerk.

According to the standard M.D.C. procedure, the above requests were forwarded to the police station in the area where the incident occurred (M.D.C. — Lower Basin Division). There was evidence that this M.D.C. practice was designed to facilitate the compilation of data on offenses occurring within the various M.D.C. districts.

The requests for complaints were returned to the Old Colony Division on July 27, 1976. The complaining officer received notice of this fact that evening.

The next day — eight days after the citations had been written — the complaining officer deposited the requests for complaints in the appropriate District Court, together with duly executed applications for complaints. General Laws c. 90C, § 2, however, requires that this be done within three days after the citation is written.[1] It seems clear to us beyond dispute that this requirement is included in the statute to implement the "no fix" purpose of the statute.

The defendant argues persuasively that the failure of the police to observe the statutory deadline constitutes a defense to the crimes charged. Since this statute is penal in nature, it must be strictly construed. *Commonwealth* v. *Federico*, 354 Mass. 206, 207 (1968). See *Commonwealth* v. *Hayden*, 211 Mass. 296, 297 (1912). It is true that the Legislature did not specify what consequences should follow the failure of the police to satisfy the three-day time limit, but uncertainty that results from a literal reading of the statute is to be resolved in favor of the defendant. *Commonwealth* v. *Conway*, 2 Mass. App. Ct. 547, 552 (1974).

There is no reason why the M.D.C. police cannot make a copy of the request for a complaint for their own purposes and thereby compile in due course whatever data are needed. The statute unambiguously requires the uniform treatment of violators so as to ensure that traffic tickets cannot be fixed. Although it can be argued that the Legislature's purpose might be frustrated by a police officer who intentionally postponed filing the request for a complaint, we decline to speculate that any officer would intentionally

---

[1] General Laws c. 90C, § 2, par. 4, as amended through St. 1968, c. 725, § 3, reads in part as follows: "If the police officer has directed that an application for a complaint be filed, said police chief or person authorized by him shall deposit the parts of the citation designated as the request for a complaint, together with a duly executed application for a complaint and the duplicate registry of motor vehicles record, with the court having jurisdiction over the offense at a time no later than three days after the date on which the citation was written, Sundays and holidays excepted."

subvert the law in that way. The language of the statute is clear, and the trial judge erred in denying the defendant's motions to dismiss. The exceptions therefore are sustained.

*So ordered.*