COMMONWEALTH vs. ROBERT E. DREW, JR.

Suffolk.   October 14, 1980. — March 4, 1981.

Present: BROWN, PERRETTA, & KASS, JJ.

*Motor Vehicle*, Citation for violation of motor vehicle law, Homicide. *Evidence*, Burden of going forward. *Homicide. Proximate Cause.*

Vehicular homicide is a motor vehicle violation as defined by G. L. c. 90C, § 1. [520]

The failure of a District Court clerk to record the date a request for a complaint was filed pursuant to G. L. c. 90C, § 2, was not a procedural deficiency within the scope of § 2. [520-521]

On a defendant's motion to dismiss a complaint for vehicular homicide, there was insufficient evidence to support the defendant's assertion that the citation, which had not been date stamped in the District Court, had not been timely filed pursuant to the provisions of G. L. c. 90C, § 2. [521-522]

The fact that duly executed applications for complaints for motor vehicle violations were not filed with parts of the citations designated as requests for complaints, contrary to the provisions of G. L. c. 90C, § 2, did not require dismissal of the complaints where the defendant had been made aware that complaints would be sought and had requested hearings on the issuance of those complaints and where the police had complied with § 2 in every other respect. [522-523]

At the trial of a defendant on a complaint charging him with vehicular homicide, evidence that the victim had died from a pulmonary embolism fourteen days after the automobile accident while she was recovering from her injuries, that the embolism was a familiar complication, and that it was causally related to the injuries sustained in the accident warranted a finding that the accident was the cause of her death. [523]

COMPLAINTS received and sworn to in the District Court of Chelsea on January 19, 1978.

In the Superior Court, a motion to dismiss was heard by *Flaksman*, J., a District Court judge sitting under statutory authority, and the cases were tried before *Garrity*, J.

*Richard C. Chambers* for the defendant.

*John Delano Boyle*, Assistant District Attorney, for the Commonwealth.

PERRETTA, J.  The defendant appeals from his convictions on complaints charging him with speeding, G. L. c. 90, § 17, as amended through St. 1975, c. 494, § 7, and vehicular homicide, G. L. c. 90, § 24G, inserted by St. 1976, c. 227.  He raises two issues: (1) whether the complaints must be dismissed because of the alleged failure of the police to comply with the procedural requirements of G. L. c. 90C, § 2, and (2) whether the evidence was sufficient to prove that the victim died as a result of the injuries caused by the defendant.  We affirm the judgments.

At about 9:30 P.M., on November 10, 1977, one Janice Goudey was driving her car around the Broadway rotary in Revere.  The posted speed limit was twenty-five miles an hour.  As she proceeded around the south side of the rotary, two cars sped into the traffic circle from a road on the north side of the rotary.  These cars were travelling side by side at about sixty to seventy miles an hour, and neither driver attempted to maneuver the circle or to reduce his speed.  Instead, both drove directly across the rotary surface.  The defendant crashed into Goudey, and she was thrown from her vehicle.  Both were taken to the hospital, and the defendant was released that night.  Goudey died of a pulmonary embolism on November 24, 1977.

Revere Police Sergeant Edward Leach investigated the accident, and he issued a citation to the defendant on November 10, 1977.  This citation indicated that a speeding complaint would be sought in the Chelsea District Court.  When Leach was advised that Goudey had died, he did further investigatory work concerning the accident, and on December 5, 1977, he issued another citation to the defendant.  This citation indicated that a complaint for vehicular homicide would be sought in the Chelsea District Court.

The defendant requested hearings on the issuance of a complaint in each instance, and after several continuances

of the various scheduled dates, one hearing was held on both requests, after which the complaints issued.

1. *The Motion to Dismiss.*

The defendant moved to dismiss the complaints, alleging that the vehicular homicide citation was not deposited in the Chelsea District Court within three days of the date on which it was written and that duly executed applications for complaints were not filed with the parts of the citations designated as requests for complaints, contrary to those provisions of G. L. c. 90C, § 2, as amended through St. 1968, c. 725, § 3, which have been set out in full in the margin.[1] These procedures were "included in the statute to implement the 'no fix' purpose of the statute," and when they are not followed, the motor vehicle complaint must be dismissed. *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978).[2]

The basis of the defendant's objection that the vehicular homicide citation was not timely filed in the Chelsea District Court was that it was not date stamped. The judge concluded that when the date of filing is not recorded by the District Court, it is impossible for a defendant to prove that a request for a complaint was untimely filed. He further concluded that a failure to record the date undermines the

---

[1] "At or before the completion of his tour of duty a police officer to whom a citation book has been issued and who has recorded the occurrence of an automobile law violation upon a citation shall deliver to his police chief or to the person duly authorized by him all remaining copies of such citation duly signed, except the police officer's copy which shall be retained by him. If the police officer has directed that an application for a complaint be filed, said police chief or person authorized by him shall deposit the parts of the citation designated as the request for a complaint, together with a duly executed application for a complaint and the duplicate registry of motor vehicles record, with the court having jurisdiction over the offense at a time no later than three days after the date on which the citation was written, Sundays and holidays excepted."

[2] We are not here concerned with those provisions of § 2 which "are aimed at insuring that a motorist, who has not been arrested, receives immediate notice of the violations with which he is charged, and whether a complaint or merely a written warning will issue." *Commonwealth* v. *Gorman*, 356 Mass. 355, 357 (1969).

"no fix" purpose of § 2 just as seriously as an officer's failure to satisfy the time limit of the statute. He nonetheless refused to dismiss the complaint because he also concluded that vehicular homicide was not a motor vehicle offense within the meaning of G. L. c. 90C, § 1,[3] and, therefore, that § 2 was inapplicable to the complaint.

We conclude that the judge correctly denied the motion to dismiss but for reasons different from those advanced by the judge. We hold that vehicular homicide is a motor vehicle violation as defined by c. 90C, § 1. It is "an offense which both necessarily and exclusively encompasses the 'operation or control' of a motor vehicle," and it is an offense which is "aimed at regulating the manner in which automobiles are operated on a public way." *Commonwealth* v. *Giannino*, 371 Mass. 700, 702, 703 (1977) (use of an automobile without authority, c. 90, § 24, held not to be an automobile law violation). See also *Commonwealth* v. *Boos*, 357 Mass. 68, 70 (1970) (larceny of a motor vehicle, c. 266, § 28, held not to be an automobile law violation). Compare *Commonwealth* v. *Jones*, 382 Mass. 387, 391-392 (1981). (The court concluded that the Legislature had retained involuntary manslaughter, by reckless operation of a motor vehicle, as an offense distinct from vehicular homicide). Because vehicular homicide is an automobile law violation within the meaning of c. 90C, § 1, the procedural requirements of § 2 are applicable to the complaint.

Nor do we think it is implicit in § 2 that a District Court clerk must record the date the request for a complaint was filed. We do not suggest that this should not be done or that the lack of record keeping here demonstrated meets with approval. We hold only that any procedural deficiencies

_____

[3] An automobile law violation is defined by c. 90C, § 1, as "any violation of any statute, ordinance, by-law or regulation relating to the operation or control of motor vehicles . . . ." The judge concluded that the gravamen of c. 90, § 24G, is the homicide and not the operation or control of the automobile. See *Commonwealth* v. *Giannino*, 371 Mass. 700, 703 (1977).

which do, or may, occur after a citation has left the control of the police are beyond the scope of § 2 because the citation can no longer be a target for the type of abuse which § 2 is intended to eliminate. The "no fix" provisions of § 2 speak solely to those procedures to be followed by the police so that there will be no time lapse between the date on which the officer issues a citation and the date on which the citation is placed beyond police interference. Cf. *Commonwealth* v. *Mullins*, 367 Mass. 733, 736 (1975);[4] *Commonwealth* v. *Clinton*, 374 Mass. at 721.

We turn now to the defendant's contention that the citation was not timely deposited in the District Court. On this point "the defendant at least must come forward with evidence sufficient to place the defence in issue." *Commonwealth* v. *Freeman*, 354 Mass. 685, 687 (1968). The defendant points to the facts that the citations pertaining to the speeding charges were timely filed and date stamped, but the vehicular homicide citation was not date stamped. There is, however, no evidentiary connection between the absence of a date stamp and an untimely deposit by the police without a showing also that the missing date stamp is due to late action by the police. There is nothing on the record to suggest such late action here.

Leach testified that he deposited the citation in a locked citation box at the police station the same day he issued it, December 5, 1977. The citation then had to be deposited in the Chelsea District Court on or before Thursday, December 8, 1977. Leach further testified that it was standard procedure with the Revere police department that every morning the designated traffic lieutenant would take all the citations from the locked box and deliver them to the District Court. The traffic lieutenant did not testify. However, the defendant's wife testified that when the speeding

---

[4] "Chapter 90C was designed in part to assure that traffic tickets not be fixed . . . . The issuance of tickets after an alleged offense also can be the subject of special pressures and influences, and thus may result in the absence of equal treatment of alleged violators."

citation arrived through the mail, she went to the clerk's office and filled out an application for a hearing on the issuance of a complaint. The application is dated November 18, 1977. She further stated that when she and the defendant appeared for the scheduled hearing, the clerk had a copy of the vehicular homicide citation. This application of November 18, 1977, bears notations indicating that the "type of offense" for which a hearing was sought was vehicular homicide. It also reflects a series of scheduled hearing dates, beginning with December 12, 1977. It is clear from these notations that, when the defendant appeared for his hearing on the issuance of a speeding complaint, the November 18 application was marked to include a request for a hearing on the issuance of the vehicular homicide complaint. A fair reading of these notations on the combined application, in view of the testimony of Leach and the defendant's wife, leads to the conclusion that the speeding citation hearing had been set for Monday, December 12, 1977, the first of the scheduled dates, and that when the defendant appeared on that date, the clerk had the second citation.

We see nothing in this sequence of events which suggests, let alone compels, the conclusion that the citation was not deposited in the District Court on or before December 8, 1977. On this state of the evidence, the defendant's assertion and proof amount to no more than a bare denial of a timely deposit. This is not a sufficient showing of noncompliance with § 2. See *Commonwealth* v. *Johnson*, 348 Mass. 586, 588 (1965); *Commonwealth* v. *Freeman*, 354 Mass. at 686-687.

The defendant next maintains that both complaints must be dismissed because the citations designated as requests for complaints were not filed with duly executed applications for complaints. He relies upon *Commonwealth* v. *Clinton*, 374 Mass. at 721, where it was noted that such applications did accompany the citations. The defendant's reliance is misplaced because the dismissal in *Clinton* was mandated by the fact that the filing, although complete, did not occur

until eight days after the citations were written, and was, therefore, beyond the statutory time limit. The judge here correctly concluded that when an officer submits copies of a citation to the police department and timely deposits them in the District Court, the "no fix" provisions of § 2 have not been frustrated since no one person can prevent further action on that citation.

To dismiss the complaints for the reason advanced by the defendant, notwithstanding the facts that he was made aware that complaints would be sought, that he requested hearings on the issuance of those complaints, and that the police complied with § 2 in every other respect, "would exalt form over substance." *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 111 (1980), rev'd on other grounds, 382 Mass. 387 (1981). This minor flaw, see, e.g., *Commonwealth* v. *Stockwell*, 356 Mass. 341, 342 (1969), did not violate either the notice or the "no fix" purpose of § 2, and it does not require that the complaints be dismissed.

2. *The Motion for a Required Finding.*

The defendant was not entitled to a required finding of not guilty on a vehicular homicide complaint. Goudey died from a pulmonary embolism fourteen days after the accident. While there was medical evidence that she was progressing well in her recovery from the accident, there was also testimony that the fatal embolism was a familiar complication and that it was causally related to the automobile accident.

On the evidence presented by the Commonwealth, the jury could have found that the accident generated a series of debilitating forces, including surgery and prolonged hospitalization, which led to Goudey's death. The jury was warranted in finding the accident to have been the cause of her death. *Commonwealth* v. *Giacomazza*, 311 Mass. 456, 463 (1942).

3. *Conclusion.*

The defendant's motion to dismiss and motion for a required finding of not guilty were properly denied.

*Judgments affirmed.*