## COMMONWEALTH vs. EDWARD T. DOWLER.

Middlesex. November 3, 1992. - January 25, 1993.

Present: LIACOS, C J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Motor Vehicle*, License to operate, Operating under the influence. *Statute*, Construction.

The circumstance that a defendant, upon his conviction of operating a motor vehicle while under the influence of intoxicating liquor, was not furnished with written notice of the statutory provisions applicable to any further violations of motor vehicle laws, as provided in G. L. c. 90, § 24 O, did not prevent his being subject to the enhanced penalties prescribed in G. L. c. 90, § 23, second par., for one so convicted who operates a motor vehicle while his license to operate is under suspension. [215-217]

COMPLAINT received and sworn to in the Somerville Division of the District Court Department on September 25, 1990.

On appeal to the jury session of the Cambridge Division a motion to dismiss was heard by *Christine M. McEvoy*, J., and the case was heard by *Severlin B. Singleton*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Alan D. Tuttman* for the defendant.

*Howard A. Wise*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. In G. L. c. 90, § 23, second par. (1990 ed.), the Legislature has provided that anyone convicted of operating a motor vehicle after his license to operate has been suspended or revoked because of a violation of G. L. c. 90, § 24 (1) (*a*) (1) (driving while under the influence of intoxicating liquor), shall be punished by a minimum mandatory sentence

of sixty days' imprisonment and a $1,000 fine.[1] The defendant was convicted in a District Court of a violation of this statute, and the minimum mandatory statutory sentence was imposed.[2] On this appeal, which we transferred from the Appeals Court on our own motion, the defendant argues that his motion to dismiss the complaint should have been allowed because he did not receive the notice concerning the consequences of a further violation of G. L. c. 90, provided for by G. L. c. 90, § 24O (1990 ed.),[3] or, in the alternative, that he should have been convicted and sentenced in accordance with the provisions of G. L. c. 90, § 23, first par., which calls for a nonmandatory sentence on a conviction of operating after suspension or revocation.[4] We affirm the defendant's conviction and the sentence imposed on him.

---

[1]General Laws c. 90, § 23, second par. (1990 ed.), reads, in pertinent part, as follows:

> "Any person convicted of operating a motor vehicle after his license to operate has been suspended or revoked pursuant to a violation of paragraph (*a*) of subdivision (1) of section twenty-four, or pursuant to section twenty-four D, twenty-four E, twenty-four G, twenty-four L, or twenty-four N, or after notice of such suspension or revocation of his right to operate a motor vehicle without a license has been issued and received by such person or by his agent or employer, and prior to the restoration of such license or right to operate or the issuance to him of a new license to operate shall be punished by a fine of not less than one thousand nor more than ten thousand dollars and by imprisonment in a house of correction for not less than sixty days and not more than two and one-half years; provided, however, that the sentence of imprisonment imposed upon such person shall not be reduced to less than sixty days, nor suspended, nor shall any such person be eligible for probation, parole, or furlough or receive any deduction from his sentence for good conduct until he shall have served sixty days of such sentence . . . ."

[2]Execution of the sentence was stayed by the trial judge pending appeal.

[3]General Laws c. 93, § 24O (1990 ed.), reads as follows:

> "Upon conviction of any violation of the provisions of [G. L. c. 90], the defendant shall be provided a statement in writing, in easy to understand language, of the statutory provisions that apply to any further violation of said chapter."

[4]This statute provides that anyone convicted of operating after suspension or revocation shall be punished for a first offense by a prescribed fine or by imprisonment for not more than ten days. The minimum mandatory

The background of the case is as follows. On October 5, 1989, the defendant entered a guilty plea in a jury of six session of a District Court to a charge of operating a motor vehicle while under the influence of intoxicating liquor (second offense). See G. L. c. 90, § 24 (1) (*a*) (1). Before pleading guilty, the defendant discussed the ramifications of his plea with the lawyer representing him at that time, including fines, rehabilitation programs that would have to be attended, and the mandatory loss of his driver's license.[5] The defendant turned his license over to the court clerk.

On or about November 6, 1989, the defendant received and read a notice from the Registry of Motor Vehicles (registry) which informed him that his right to operate a motor vehicle had been revoked for one year, effective November 13, 1989. The notice also advised the defendant that he must "cease to operate all motor vehicles" until his license was, reinstated.

On September 23, 1990, the defendant was stopped for speeding. The defendant was arrested after the police officer who had stopped him checked with the registry and learned that the defendant's right to operate had been revoked. The defendant was charged in a District Court with a violation of G. L. c. 90, § 23, second par. See note 1, *supra.* The defendant moved to dismiss the charge on the ground that he had not received the written notice mentioned in G. L. c. 90, § 24O. See note 3, *supra.* In connection with the motion, it was agreed that notice under § 24O had not been furnished the defendant when he entered his guilty plea to the driving under the influence charge on October 5, 1989, or thereafter. A judge in the District Court considered arguments on the motion to dismiss and denied it. Thereafter, the defendant was tried and convicted on the charge under G. L. c. 90, § 23, second par., before another District Court judge. The

penalties provided for in § 23, second par., concern only suspensions or revocations imposed after conviction of the crimes specified therein. See note 1, *supra.*

[5]The defendant claims that the lawyer representing him at that time told him that he would lose his driver's license for only ninety days.

judge rejected the argument of the defendant's counsel that, because of the lack of notice under § 24O, the defendant could not be convicted or sentenced under § 23, second par., but, at the most, could be convicted and sentenced only for a violation of § 23, first par. See note 4, *supra.* This appeal followed.

Section 24O has to be understood and applied in the context of the Safe Roads Act (St. 1986, c. 620) as a whole. See *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Comm'n,* 394 Mass. 233, 240 (1985); *Commonwealth* v. *Adams,* 389 Mass. 265, 273 (1983). That act was designed to improve public safety on the Commonwealth's highways and roads by imposing more stringent penalties for serious motor vehicle crimes, especially violations involving operation while under the influence of alcohol. The statutes enumerated in § 23, second par., concern different aspects of the disposition of cases of drivers who are convicted of operating while under the influence, and each statute provides for the immediate suspension or revocation of the driver's license while he undergoes treatment, punishment, or both.[6] These statutes have as their common purpose the immediate removal of drunk drivers from the road. Section 23, second par., implements that purpose by providing for a mandatory minimum sentence for a defendant who chooses to drive after his right to operate has been suspended or revoked for an alcohol-related driving offense. The defendant was convicted under § 23, second par., after having been convicted for a second time of driving under the influence. He was on notice that his right to operate had been revoked for a period of one year.

---

[6]Section 23, second par., specifically refers to the suspension or revocation of a license under the following statutes: G. L. c. 90, § 24 (1) (*a*) (1) (operating under the influence); § 24D (assignment of a defendant to an alcohol education, treatment, or rehabilitation program); § 24E (alternative disposition for defendant convicted of driving under influence of alcohol); § 24G (homicide by motor vehicle while under influence of alcohol); § 24L (reckless or negligent operation while under influence of alcohol); § 24N (immediate suspension of license of operator whose blood alcohol level is .10 or more).

The defendant contends that, because § 24O is a criminal statute, it must be construed strictly against the Commonwealth, see *Commonwealth* v. *Marrone*, 387 Mass. 702, 706 (1982), and cases cited, that its mandatory, unambiguous terms require the Commonwealth to provide him with notice of the enhanced penalties described in the statute, and that the Commonwealth's failure to provide that notice should constitute a defense, at least to imposition of the enhanced penalties contained in G. L. c. 90, § 23, second par. See *Commonwealth* v. *Clinton*, 374 Mass. 719 (1978) (dismissing criminal charges due to noncompliance with "no fix" statute, G. L. c. 90C, § 2, even though legislation does not address such consequences).[7] We think that *Commonwealth* v. *Clinton* does not control this case.

Section 24O does not purport to add a further element to any crime in G. L. c. 90, see *Commonwealth* v. *Freeman*, 354 Mass. 685, 687-688 (1968); see also *Commonwealth* v. *Murphy*, 409 Mass. 665 (1991), nor does it purport to create a defense if the notice is not provided. The defendant's construction of § 24O would have the effect of creating an additional element or defense where the Legislature has provided none. See *Commonwealth* v. *Marrone*, *supra* at 704-705 (plain omissions in the law should not be supplied by court in construing and interpreting statute).

Although the notice requirement of § 24O should be observed by the District Courts, "this court and the Appeals Court on numerous occasions have held that failure to comply with [a] statute is not fatal where the purposes of the

---

[7]The defendant also argues that his due process rights under art. 12 of the Massachusetts Declaration of Rights were violated because he did not receive actual notice of the penalty enhancements in G. L. c. 90, § 23, second par. Due process requires that criminal statutes unambiguously describe proscribed conduct and the penalties resulting from engaging in such conduct. *Commonwealth* v. *Gagnon*, 387 Mass. 567, 569, *S.C.*, 387 Mass. 768 (1982), cert. denied, 461 U.S. 921, and 464 U.S. 815 (1983). The provisions of G. L. c. 90, §§ 23 and 24, adequately describe both proscribed conduct and penalties. Due process does not require actual notice of criminal penalties. *Commonwealth* v. *Everson*, 140 Mass. 292, 295 (1885).

statute have not been frustrated." *Commonwealth* v. *Babb*, 389 Mass. 275, 283 (1983). See *Commonwealth* v. *Perry*, 15 Mass. App. Ct. 281 (1983). The general intention of the Legislature in enacting § 24O was to provide an additional warning, as a deterrent to drivers like the defendant, who have been convicted of an alcohol-related motor vehicle offense and consciously choose to risk operating a motor vehicle after suspension or revocation, that they will face additional punishment. The deterrent function of § 24O is subsidiary to the main function of the statute, improving public safety by removing drivers under the influence of alcohol from the Commonwealth's roads. Unlike the situation in *Commonwealth* v. *Clinton, supra,* the Legislature's goals are not thwarted by the failure to provide the defendant with § 24O notice. The lack of notice under § 24O did not violate any statutory or constitutional right due the defendant.

*Judgment affirmed.*