The defendant appeals from his conviction, after a jury trial, of violating an abuse prevention order in violation of G. L. c. 209A, § 7. On appeal he argues that the evidence was insufficient to prove beyond a reasonable doubt that he knew of the terms of the order or that violation of the order could result in criminal charges. We affirm.
To prove a violation of an abuse prevention order, the Commonwealth must prove beyond a reasonable doubt that "(1) a valid G. L. c. 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order." Commonwealth v. Melton, 77 Mass. App. Ct. 552, 555 (2010), quoting from Commonwealth v. Silva, 431 Mass. 401, 403 (2000). The only element the defendant challenges is the third element-knowledge. Viewing the evidence and the reasonable inferences drawn from it in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the jury could have found that the defendant had actual knowledge of the terms of the order. The officer who responded to the scene of the incident giving rise to the order recognized the defendant, recognized his distinctive accent, and obtained biographical information from him at the scene, including his cellular telephone (cell phone) number. The officer removed the defendant from the scene by giving him a ride to Quincy station. He (the officer) then helped the victim obtain an abuse prevention order prohibiting the defendant from contacting or being within 100 yards of the victim, and requiring the defendant to stay away from her residence, which was the apartment where the original incident took place. The order was quickly obtained and, moments later, the officer called the cell phone number the defendant had provided as his own. The officer recognized the male voice that answered as that of the defendant. The officer informed the defendant that a restraining order had been obtained, that the defendant could not "go back there,"[2] and that the defendant was not permitted to contact the victim. The defendant responded "something like okay or something like that" and "confirmed he understood." From this evidence, the jury could reasonably find, beyond a reasonable doubt, that the defendant knew of the 209A order and knew its terms-that he was to stay away from the apartment and from the victim.
It is true, as the defendant argues, that there was no evidence that the defendant was informed that violating the order could result in criminal charges. It does not follow, however, that the evidence was insufficient to support the defendant's conviction. The Commonwealth was not required to prove, as an element of the offense, that the defendant had knowledge of the criminal consequences of violating the order.[3] Moreover, to the extent the defendant can be understood to be making a due process based argument, such an argument would fail because "[d]ue process requires that criminal statutes unambiguously describe proscribed conduct and the penalties resulting from engaging in such conduct. ... Due process does not require actual notice of criminal penalties." (Emphasis supplied.) Commonwealth v. Dowler, 414 Mass. 212, 216 n.7 (1993) (citations omitted). See Commonwealth v. Delaney, 425 Mass. 587, 592 (1997), quoting from Commonwealth v. Butler, 40 Mass. App. Ct. 906, 907 (1996).
Judgment affirmed.

The jury reasonably could find that "there" referred to the victim's apartment from which the defendant had been removed only shortly before by the officer.

We note that the defendant did not raise this argument below and the Commonwealth contends that, had he done so, it would have introduced evidence of the defendant's familiarity with prior restraining orders and the criminal consequences of their violation.