ROBERT LURENSKY *vs.* MERCHANTS BEEF COMPANY & others.  July 14, 1980.  The order allowing the defendants' motion for summary judgment and the judgment are reversed for the reason (if no other) that the only effect of the subsidiary facts set up in the affidavits (and their supporting data) filed in support of the motion was to create ultimate questions of fact on which reasonable minds could differ concerning the propriety and reasonableness of the corporate expenditures and practices which are challenged in the amended complaint.  See and compare *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 554 (1976); *Dolloff* v. *School Comm. of Methuen,* 9 Mass. App. Ct. 502, 504-506 (1980); *United States* v. *Diebold, Inc.,* 369 U.S. 654, 655 (1962); *TSC Indus., Inc.* v. *Northway, Inc.,* 426 U.S. 438, 450, 460, 463 (1976); *American Fid. & Cas. Co.* v. *London & Edinburgh Ins. Co.,* 354 F.2d 214, 216-217 (4th Cir. 1965); *Harvey* v. *Great Atl. & Pac. Tea Co.,* 388 F.2d 123, 125-126 (5th Cir. 1968); *Gross* v. *Southern Ry.,* 414 F.2d 292, 296-305 (5th Cir. 1969); *Chenette* v. *Trustees of Iowa College,* 431 F.2d 49, 52-53 (8th Cir. 1970); *Johns Hopkins Univ.* v. *Hutton,* 488 F.2d 912, 917-918 (4th Cir. 1973), cert. denied, 416 U.S. 916 (1974); *Winters* v. *Highlands Ins. Co.,* 569 F.2d 297, 299 (5th Cir. 1978); *Maryland ex rel. Barresi* v. *Hatch,* 198 F. Supp. 1, 3-4 (D. Conn. 1961); *United States* v. *74.12 Acres of Land,* 81 F.R.D. 12, 13-14 (D. Mass. 1978).  Contrast *Zweig* v. *Hearst Corp.,* 521 F.2d 1129, 1133-1136 (9th Cir.), cert. denied, 423 U.S. 1025 (1975).

*So ordered.*

*James B. Krasnoo* for the plaintiff.
*Michael S. Gardener* for the defendants.