MUTUAL BANK FOR SAVINGS *vs.* GLORIA SILVERMAN, executrix,[1] & another.[2] May 11, 1982. This action was commenced by the plaintiff on

---

[1] Gloria Silverman is the executrix of the will of Maurice Silverman. The original action was brought against Maurice Silverman, individually and as trustee of G & M Real Estate Trust. Silverman was the sole trustee of the trust. Silverman died during the course of the proceedings, and Gloria Silverman was substituted in his place. The appeal is from an amended judgment which ran against Gloria Silverman, executrix, and G & M Real Estate Trust.

[2] G & M Real Estate Trust.

three separate commercial loans made by the plaintiff to the defendant trust in 1963, 1964, and 1965. The trust made three promissory notes payable to the plaintiff, and the loans were secured by mortgages on three separate real estate parcels. In addition, Maurice Silverman individually executed a separate guaranty of each promissory note. After the loans were made, the mortgaged properties underwent a series of transfers which culminated in their ownership by the Wells Realty Trust. There were defaults incurred on each promissory note, mortgage, and guaranty. The plaintiff foreclosed and sold the mortgaged properties at auction on November 17, 1978, and then commenced this action to recover deficiencies from the trust and Silverman.

After responsive pleadings were filed by the defendants in answer to the plaintiff's complaint, the plaintiff filed a motion for summary judgment (Mass.R.Civ.P. 56[a], 365 Mass. 824 [1974]), accompanied by affidavits and other materials. The defendants responded with a number of affidavits. A Superior Court judge reviewed the affidavits and the other materials and allowed the plaintiff's motion for summary judgment. The defendants appealed.[3]

In allowing summary judgment the judge ruled that there was no genuine issue as to any material fact with respect to the defendants' contentions (1) that there was insufficient notice under G. L. c. 244, §§ 14 and 17B, of the intent to exercise the power of sale in the mortgages and (2) that the plaintiff and its agents caused the collateral to become impaired as a result of their conduct before and during the foreclosure sales.

1. The judge's ruling as to the legal sufficiency of the notices of the intent to foreclose by sale, required by G. L. c. 244, § 14, was correct and summary judgment on that issue was proper. General Laws c. 244, § 14, as appearing in St. 1977, c. 629, requires "notice . . . to the owner or owners of record of the equity of redemption" as well as notice by publication. The defendants' affidavits assert no facts which place in issue whether these minimum requirements had been met. In regard to G. L. c. 244, § 17B, the plaintiff filed in court the copies of the statutory notices and an appropriate affidavit with postal slips indicating registered mail, return receipt requested, and return receipts bearing the purported signature of the defendant Silverman. Section 17B provides that an affidavit of the mailing of the notice is prima facie evidence of the mailing of such notice. Evidence of the mailing will ordinarily warrant a finding that the

---

[3] The defendants also appealed from the action of the judge in filing a certification that "there [is] no just reason for delay" in entering judgment for the plaintiff despite the existence of unresolved third-party claims. Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). The certification was proper since the judge could have concluded that judgment on the main claims would "simplify, shorten or expedite" the trial of the third-party claims. See *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 252 (1980); *Stock* v. *Fife, ante* 75, 76 n.2 (1982).

notice was received by the intended recipient, but the affidavit of the defendants raises an issue of material fact as to whether the notice was received. Summary judgment on this issue was error.

2. The defendants claim that their affidavits and other supporting material raise a genuine issue as to whether the plaintiff and its agents impaired the collateral, i.e., the mortgages, by their conduct before and during the foreclosure sales. The defendants contend that the collateral was impaired prior to the sales because the plaintiff unreasonably and without the consent of the defendants, delayed foreclosures until long after the first defaults. The defendants' affidavits failed to raise any genuine issue of material fact in regard to the plaintiff's contentions. It is undisputed that Silverman had consented in writing to "any extension," and there was no error in the decision of the judge holding, as matter of law, that the consent of Silverman covered the several extensions given by the plaintiff after the defaults.

The defendants, however, have raised genuine issues of material fact in regard to the actions of the plaintiff and its agents relative to the conduct of the foreclosure sales. "A mortgagee in exercising a power of sale in a mortgage must act in good faith and use reasonable diligence to protect the interests of the mortgagor." *Union Mkt. Natl. Bank* v. *Derderian*, 318 Mass. 578, 581-582 (1945). The disparities between the sales prices and the alleged appraised values of the properties and whether the amounts required for deposits were too high and thus reduced the number of bidders were some of the several questions raised by the defendants' affidavits. The affidavits and their supporting data created questions of fact as to the reasonableness of the conduct of the plaintiff and its agents in regard to the foreclosure sales on which reasonable minds could differ. See *Lurensky* v. *Merchants Beef Co.*, 10 Mass. App. Ct. 832 (1980).

The judgment is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Murray P. Reiser* for the defendants.
*John Kenneth Felter* for the plaintiff.