## NEW ENGLAND MERCHANTS NATIONAL BANK

v.

### Katy E. HUGHES.

### Civ. A. No. 82–1426.

United States District Court,
E.D. Pennsylvania.

Feb. 10, 1983.

Leonard M. Klehr, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for plaintiff.

David M. Jakobi, West Chester, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this diversity action, plaintiff New England Merchants National Bank (the "Bank") has brought suit against defendant Katy E. Hughes ("Hughes") averring that Hughes is liable to the Bank as guarantor of a Bank loan to Wheels for the Handicapped, Inc. ("Wheels, Inc."), a company which she began and served as president. Pursuant to Local Rule 8 of this Court, the case was arbitrated before a panel of three arbitrators. It is undisputed that the defendant received notice of the arbitration hearing and that neither the defendant, nor her counsel, nor any witnesses on her behalf appeared at the arbitration hearing. Defendant has offered no excuse for her failure to appear. At a conference in chambers subsequent to the arbitration hearing, counsel for the defendant simply stated that the defendant had declined to participate in the arbitration hearing. Plaintiff did appear at the arbitration hearing and presented evidence and was awarded $31,963.16 by the arbitrators. After the entry of the arbitrators' award, defendant demanded a trial de novo within the 20-day period provided for by Local Rule of Civil Procedure 8. Plaintiff has now moved for summary judgment in its favor on the ground that defendant's wilful failure to attend the arbitration hearing precludes defendant's right to a trial de novo and also on the ground that the undisputed facts of this case imposed upon defendant Hughes the legal duty to pay the Bank the balance of the loan to Wheels, Inc. plus interest. For the reasons hereinafter set forth, the Court will grant plaintiff's motion and · enter judgment against the defendant.

The material facts as to which there is no genuine issue are as follows. On March 5, 1981, defendant Hughes, on behalf of her corporation, Wheels, Inc., entered into a loan agreement with the Bank. The principal amount of the loan was $25,000; interest was to be paid at the rate of 19% per annum. Also on March 5, 1981, defendant Hughes, acting in her personal capacity, signed a Guaranty agreement with the Bank. The Guaranty expressly states that Hughes will indemnify the Bank for any losses incurred arising out of the Bank's loan to Wheels, Inc. Wheels, Inc. defaulted on the loan by failing to make timely payment of principal and interest to the Bank, as provided for in the loan agreement. Upon demand by the Bank, defendant Hughes failed to make the loan payments due and owing under the terms of the loan agreement and her Guaranty. Today, the outstanding principal balance of the loan is

$23,050.00. As of September 2, 1982, $5,651.01 in interest had accrued on the loan. Unable to obtain payments from Hughes pursuant to the Guaranty, the Bank commenced this action on March 15, 1982. Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, since the Bank is a Massachusetts citizen and Ms. Hughes is a Pennsylvania citizen.

Pursuant to Local Rule of Civil Procedure 8, this case was placed in the compulsory arbitration program. Arbitration is compulsory under Local Rule of Civil Procedure 8 for civil actions, provided that only money damages are being sought in an amount not in excess of $50,000.00, and the action is for injury or death of a seaman under the Jones Act, or the action is on a negotiable instrument or contract, or the action is for personal injury or property damages or is under the Federal Employer's Liability Act. If the United States is a party, only actions brought under the Federal Tort Claims Act, the Longshoremen's and Harbor Workers' Act, and the Miller Act are required to be arbitrated. The instant case, a contract action in which the damages claimed do not exceed $50,000.00, was clearly eligible for arbitration.

The following procedures govern cases placed in this District's compulsory arbitration program. Immediately after an answer is filed, the attorneys receive a letter from the Clerk of Court advising them that the case will be arbitrated, notifying them of the date set for the arbitration hearing (an available date about 5 months from the date of the letter), and also notifying them that they have 120 days to complete discovery. The arbitrators are scheduled for hearing dates several months in advance. However, it is not until an order is signed by a judge, approximately 30 days prior to the arbitration hearing, that counsel learn the identity of the three arbitrators and the arbitrators become aware of the cases assigned to them for arbitration. All arbitration hearings take place in the courthouse, usually in a courtroom whenever one is available. The judge to whom the case has been assigned signs the order appointing the arbitrators about 30 days prior to the date scheduled for the arbitration hearing. The judge's order not only appoints the three arbitrators who will hear the case, but also sets forth the time and place of the arbitration hearing. This order authorizes the arbitrators to change the date of the arbitration hearing provided the hearing is commenced within 30 days of the date set in the judge's order. Any continuance beyond the 30-day period must be approved by the court. The arbitrators' award becomes a final judgment unless, within 20 days of the filing of the award, a party demands a trial de novo.

■ The Eastern District's compulsory arbitration program has been held not to violate the Seventh Amendment's preservation of the right to trial by jury. See *Kimbrough v. Holiday Inn*, 478 F.Supp. 566 (E.D.Pa.1979). *Kimbrough* also held that the arbitration program was not inconsistent with the Federal Rules of Civil Procedure, and did not violate constitutional guarantees of due process and equal protection. Clearly, Local Rule 8 is a valid exercise of this Court's authority to promulgate local rules, which each federal court possesses pursuant to 28 U.S.C. § 2071 and Fed.R.Civ.P. 83. Furthermore, Local Rule 8 does not in any way abridge the constitutional right of a litigant to trial by jury since the litigant is entitled to demand a trial de novo provided he has complied with the procedures set forth in Local Rule 8. In this case, defendant Hughes disregarded Rule 8 and this Court's Order of July 12, 1982 ordering the case to be presented to the arbitrators on August 26, 1982 at 9:30 a.m. In the instant case, defendant Hughes has deliberately decided to ignore Local Rule 8.

■ Local Rule 8 specifically provides that qualifying cases *shall* be referred to arbitration, that the arbitration hearing *shall* take place before a panel of 3 arbitrators, and that the judge *shall* sign, 30 days prior to the scheduled arbitration date, an order setting forth the date and time of the hearing and the names of the arbitrators. Section 5 of Local Rule 8 states that "[t]he

arbitration hearing *shall* take place on the date and time set forth in the order of the Court". (emphasis added).

It is clear from a reading of Local Rule 8 that the judges of this Court, in promulgating Local Rule 8, sought to establish a program of compulsory arbitration for those cases eligible for arbitration. The rule was never intended to make arbitration optional in those cases designated by the rule. The purpose of the program is to save litigants time and money by providing them with a prompt and less expensive alternative to a courtroom trial. Because of the cooperation of this District's bench and bar, Local Rule 8's compulsory arbitration program has relieved this Court of some of the constantly increasing caseload. However, the goals of the arbitration program and the authority of this Court would be seriously undermined if a defendant were permitted to refuse to attend an arbitration hearing and then demand trial de novo.

■ In this case, the defendant had notice of the arbitration hearing, its date, time, and location. Defendant never requested a continuance but simply declined to participate in the arbitration. Under these circumstances, the defendant, by failing to follow this Court's Order of July 12, 1982 and the procedures of Local Rule 8, is precluded from demanding a trial de novo. Under these circumstances, the proper course of action by the plaintiff would have been to file a motion to strike defendant's demand for trial de novo. Instead, plaintiff addressed defendant's failure to participate in the arbitration hearing as one of two alternative grounds for summary judgment. As heretofore pointed out, the plaintiff's affidavit in support of its second ground for summary judgment, which has not been contradicted, establishes that there is no genuine issue of material fact and that plaintiff is entitled to judgment as a matter of law. It would therefore appear that defendant lacked a defense to this action.

■ The Code of Professional Responsibility, in setting forth the standards of conduct by which attorneys shall govern themselves, states that "a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action" when such trial tactics would constitute mere harassment or efforts to delay the inevitable outcome of the litigation. *See American Bar Association Model Code of Professional Responsibility,* Disciplinary Rule 7–102(A)(1) (1979). In this case, where the defendant knowingly did not even attempt to appear at the arbitration hearing, defendant's demand for trial de novo may have been filed merely for the purposes of delay.

In its summary judgment motion, plaintiff notes that the deposition of the defendant sets forth the uncontradicted fact that she signed an unconditional guaranty which obligates her to indemnify the Bank should Wheels, Inc. fail to fulfill the terms of the loan agreement between Wheels, Inc. and the Bank. It is also undisputed that Wheels, Inc. ceased making payments and that the Bank made timely demand upon defendant Hughes to fulfill the express terms of the guaranty that she signed. Equally undisputed is the fact that defendant Hughes has not fulfilled her obligations to the Bank pursuant to the Guaranty.

In view of the fact that the record shows that there are not genuine issues of material fact, the plaintiff is entitled to summary judgment in the amount of the principal balance due on the obligation in the amount of $23,059.00 plus interest in the agreed amount of 19% per annum, which interest totals $7,732.74 plus a reasonable attorney's fee in the amount of $3,734.15, said amount being uncontested by the defendant.

■ Both Massachusetts law and Pennsylvania law, the only two bodies of law that could be applicable to this case, *see CBS, Inc. v. Film Corp. of America,* 545 F.Supp. 1382, 1385–87 (E.D.Pa.1982), provide that a guaranty creates an enforceable contractual obligation against the guarantor (Hughes). The guaranteed party (the Bank) need not first sue the debtor (Wheels, Inc.) but may bring suit directly against the guarantor (Hughes). *See Downer v. United States Fidelity & Guar-*

*anty Co. of Maryland,* 46 F.2d 733 (3d Cir. 1931); *Finance America Credit Corp. v. Kruse Classic Auction Co.,* 428 F.Supp. 135 (E.D.Pa.1977); *Miners' State Bank v. Auksztokalnis,* 283 Pa. 18, 128 A. 726 (1925); 17 Penn.Law En. *Guaranty,* § 10 at 174. *See Welch v. Walsh,* 177 Mass. 555, 59 N.E. 440 (1901). *See also Charlestown Five Cents Savings Bank v. Wolf,* 309 Mass. 547, 36 N.E.2d 390 (1941); *Mutual Bank for Savings v. Silverman,* 13 Mass.App. 1059, 434 N.E.2d 1027 (1982). Furthermore, the express terms of the Guaranty provide that "the rights and obligations of the parties hereto shall be governed, construed and interpreted according to the laws of the Commonwealth of Massachusetts" and that the liability of the guarantor (Hughes) "is direct and unconditional and may be enforced without requiring ... resort to any other right, remedy, or security ...." An appropriate Order will be accordingly entered.

## ORDER

AND NOW, this 10th day of February, 1983, upon consideration of plaintiff's motion for summary judgment and defendant's response thereto, for the reasons set forth in this Court's Memorandum of February 10th, 1983,

IT IS HEREBY ORDERED:

1. Defendant's demand for trial de novo of the arbitration held in this matter on August 26, 1982 is STRICKEN;

2. Plaintiff's motion for summary judgment on the basis of defendant's obligations to plaintiff pursuant to the guaranty agreement of March 5, 1981 is GRANTED;

3. Judgment is entered IN FAVOR of plaintiff New England Merchants Bank and AGAINST defendant Katy E. Hughes in the amount of $34,525.89.