Richard A. GILLING, Jean Gilling, Thomas Triano and Alinde Triano, Plaintiffs,

v.

EASTERN AIRLINES, INC. t/a Eastern Airlines, et al., Defendants.

No. Civil 85–4917.

United States District Court, D. New Jersey.

March 2, 1988.

Debra Urbanowicz–Pandos, Hurley & Vasios, Short Hills, N.J., for defendants.

Patricia Breuninger, Breuninger, Hansen & Casale, Fanwood, N.J. for plaintiffs Jean Gilling, Thomas Triano and Alinde Triano.

Jeffrey Charney, Magner, Orlando, Kahn, Schnirman & Charney, Linden, N.J., for plaintiff Richard Gilling.

## OPINION

SAROKIN, District Judge.

### I. *Introduction*

In order for the compulsory arbitration program to function properly, it is essential that the parties participate in a meaningful manner. This is particularly so in a case such as this in which one of the parties is a substantial corporation and the other party is one or more individuals. The purposes of the arbitration program are to provide the parties with a quick and inexpensive means of resolving their dispute while, at the same time, reducing the court's caseload.

■ These purposes are thwarted when a party to the arbitration enters into it with the intention from the outset of rejecting its outcome and demanding a trial de novo. Rather than reducing the cost and promoting efficiency in the system, such an attitude increases the costs and reduces the efficiency. Furthermore, such conduct can serve to discourage the poorer litigant and diminish his or her resolve to proceed to final judgment. Explicit in this court's arbitration program is the need for the parties to participate in good faith. Failure to do so warrants appropriate sanctions by the court.

Here, defendants move for trial de novo after the entry of an adverse arbitration award. The court grants the motion, but imposes sanctions on defendants for failure to participate in the arbitration meaningfully.

## II. ·Background

Plaintiffs were passengers aboard a flight of defendant Eastern Air Lines from Miami to Martinique on November 27, 1983. They allege that they were wrongfully ejected from their flight during a stopover in St. Croix after two incidents on board involving knives. Their complaint states claims for breach of contract, negligence, false imprisonment, battery, assault, slander, invasion of privacy, infliction of emotional distress and conversion.

The court referred the matter to compulsory arbitration, as General Rule 47 requires. The arbitrator heard the case on May 20, 1987. The defendants did not attend the arbitration; their appearance was through counsel. Although the parties dispute the extent of defense counsel's presentation at the arbitration, they agree that she presented summaries of the defendants' position and read at least a few passages from deposition testimony and answers to interrogatories. The arbitrator found for each of the plaintiffs.

Within the thirty days allotted by General Rule 47(G)(1), defendants moved for a trial de novo. Plaintiffs opposed the motion, contending that defendants' failure to participate meaningfully in the arbitration

as General Rule 47(E)(3) requires deprived them of their right to demand a trial de novo. As the court was unable to evaluate the meaningfulness of the defendants' participation in the arbitration, the court remanded the case to the arbitrator for a factual finding on that question.

On November 12, 1987, the arbitrator made the requested factual findings. Letter of Daniel E. Isles, Esq., Arbitrator (November 12, 1987). He found as a fact that defendants' attorney did not participate in the arbitration proceeding in a meaningful manner:

I find as a fact that she merely "went through the motions." I find as a fact that the foregoing was a predetermined position taken by her office, even though that position remains obscure to me. I find as a fact that her "participation" in the arbitration proceeding rendered it a sham....

I was ... flabbergasted when [defendants' counsel] arrived with no witnesses. She stated ... that all Eastern personnel were on assignment, and that she would render fact summaries and position summaries. While she may have read a few interrogatories and answers [sic] a few lines from one or more deposition transcripts, ninety five percent (95%) of her participation was in fact stating position summaries on behalf of Eastern, and stating fact summaries as to what Eastern's personnel may have said in their own depositions....

I recall another event that occurred at the arbitration proceeding which further buttresses my within findings of fact. At the end of the hearing I asked [defendants' counsel] as to whether she wanted damage awards broken down into compensatory damages and punitive damages, if I should determine to make such damage awards. Her reply to me as best I can paraphrase it now was "Do what you want, or, we don't care what you do, we won't pay it anyway."

After the arbitrator filed his fact findings with the court, the defendants renewed their motion for a trial de novo. Defendants couple their request for a de novo trial

with a request that the court vacate the arbitrator's findings.

### III. *Discussion*

General Rule 47(E)(3) provides that

the arbitration hearing may proceed in the absence of any party who, after notice, fails to be present. In the event that a party fails to participate in the arbitration process in a meaningful manner, as determined by the arbitrator, the Court may impose appropriate sanctions, including, but not limited to, the striking of any demand for a trial de novo filed by that party.

Defendants ask the court to vacate the arbitrator's finding that they did not participate in the arbitration in a meaningful manner. After examining General Rule 47, the court is unable to discover any standard of review of an arbitrator's findings. The rule simply authorizes the court to devise a sanction "in the event that a party fails to participate in the arbitration process in a meaningful manner, *as determined by the arbitrator.*" General Rule 47(E)(3) (emphasis added). The rule thus appears to place the determination of meaningfulness entirely in the hands and discretion of the arbitrator, without being subject to district court review. *Cf.* F.R. C.P. 72(a) (district court may modify or set aside a magistrate's finding that is "clearly erroneous"); 5 U.S.C. § 706(2)(E) (district court may set aside certain agency actions which are "unsupported by substantial evidence").

■ However, even if the court does have the authority to disturb an arbitrator's finding of no meaningful participation, it declines to do so in this case. The arbitrator had ample opportunity to observe the conduct of counsel at the arbitration. He had the opportunity to measure the earnestness of the defendants' presentation against the gravity of the plaintiffs' allegations and the defendants' potentially sizeable exposure to liability. Although the defendants are correct that General Rule 47 did not require them to present live testimony, the arbitrator was certainly entitled to factor their decision not to call witnesses into his overall assess-

ment of the meaningfulness of their participation. The arbitrator, examining the totality of the defendants' participation at the arbitration, concluded that the reading of brief position summaries and deposition and interrogatory excerpts did not amount to meaningful participation in the context of this case. The court concludes that this finding was supported by substantial evidence and was not clearly erroneous.

Defendants argue that the enforcement of General Rule 47(E)(3) against them would deprive them of their constitutional right to a jury trial and conflict with the Federal Rules of Civil Procedure. The court notes that compulsory pre-trial arbitration procedures like the one at issue in this case have withstood constitutional attack. *See Kimbrough v. Holiday Inn,* 478 F.Supp. 566 (E.D.Pa.1979); *New England Merchants v. Hughes,* 556 F.Supp. 712 (E.D.Pa.1983); *Rhea v. Massey–Ferguson,* 767 F.2d 266 (6th Cir.1985). In the *New England Merchants* case, the court approved the denial of a demand for trial de novo by a party who refused to participate in arbitration at all.

■ The court, however, need not reach the defendants' constitutional claim, for the rule does not require the court to deny the application for trial de novo. Rather, it allows the court to choose an "appropriate sanction," only one of which is the rather draconian striking of a demand for trial de novo. While such an extreme sanction may be appropriate where a party absolutely refuses to participate in or even attend arbitration, *cf. New England Merchants,* 556 F.Supp. 712, the court declines to deprive defendants of their day in court because of their limited performance at arbitration, without in any way condoning it.

■ General Rule 47(E)(3) allows the court to devise an "appropriate sanction." In this case, where the defendants demonstrated such contempt for the arbitration proceeding, it is only fair that they should have to pay for it. The court therefore orders that defendants reimburse plaintiffs for all costs and fees which they incurred in preparing for and participating in the

arbitration, as well as costs and fees incurred in opposing defendants' demand for a trial de novo.

The court has determined to impose this more limited sanction, although denial of the trial de novo would have been warranted, because of the lack of clear guidelines as to what participation is "meaningful." However, counsel should be on notice that a trial de novo will not be automatically permitted in those cases in which the party seeking it views the arbitration proceeding merely as a meaningless interlude in the judicial process.