Doerfer, J.
The plaintiff, Brae Asset Fund, L.P. (“Brae Asset”), initiated this action against the defendants, David and Victor Petkauskos, to recover a principal balance of $241,779.61 plus interest and attorneys fees that remains due on a mortgage Note (the “Note”) executed by both Defendants individually and as guarantors.
Brae Asset moves for summary judgment pursuant to Mass.R.Civ.P. 56. Plaintiff alleges that since there are no issues of material facts in dispute and its claim is not barred by the statute of limitations of this Commonwealth, it is entitled to summary judgment as a matter of law. Defendants oppose the motion claiming that Plaintiffs failure to comply with the proper foreclosure procedure as outlined in Mass. Gen. Laws ch. 244, §§14-17B (1996), barred recovery in the present circumstances.
For the following reasons, Plaintiffs motion for summary judgment is ALLOWED.
BACKGROUND
On or about June 21, 1988, Madison Realty Trust, by and through its trustee David J. Petkauskos, executed and delivered to the Bank of New England, N.A., a Mortgage Note in the principal amount of $600,000.00. Both Defendants further executed the Note individually and as guarantors. In addition, the Note was secured by a mortgage dated April 12, 1988, on property located in Sandwich, Massachusetts.
On January 6, 1991, the Bank of New England, N.A., was declared insolvent and the Federal Deposit Insurance Corporation (“FDIC”) was appointed receiver. The FDIC thereafter caused the New Bank of New England, N.A. (“New Bank”) to be created and transferred the assets of the FDIC as Receiver to the New Bank.
Soon after, the defendants defaulted under the terms of the Note and Guaranty and the New Bank foreclosed on the Mortgage. The New Bank sold the Sandwich property at auction on January 15, 1991, leaving a deficiency balance of $241,779.61.
Approximately six months later, in July of 1991, the New Bank was declared insolvent and the FDIC was again appointed receiver, but this time for the New Bank. The FDIC then appointed RECOLL Management Corporation (“RECOLL”) as its attorney-in-fact with the power and authority to execute and deliver documents as a representative of the FDIC. On May 27, 1994, RECOLL sold and assigned the Note to the plaintiff, including all rights, title, and interest of the Bank of New England, N.A., the New Bank, and the FDIC in and to the Note and Guaranty.
Brae Asset, as holder of the Note, has made two demands, one on August 29, 1994, and the other on September 19, 1994, for payment of the remaining deficiency balance, plus interest, on the Note. Plaintiff now moves for summary judgment, requesting that this Court order the defendants to pay the remaining principal balance of $241,779.61, interest, attorneys fees, and costs of collection.
*611 DISCUSSION
I. Summary Judgment Standard
The motion for summary judgment is in order and “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, affirmatively demonstrate the absence of a triable issue and that the moving party is entitled to a judgment as a matter of law.” Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Accord Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Pederson v. Time, Inc., 404 Mass. 14, 17 (1979). The opposing party, conversely, may not rest on his pleadings or general denials; he must “set forth specific facts” showing that there is a genuine, triable issue. Community Nat'l Bank, 369 Mass. at 554; Mass.R.Civ.P. 56(e). Accord LaLonde v. Eissner, 405 Mass. 207, 209 (1989); Pederson, 404 Mass. at 17.
II. Rulings of Law
If the statutory norms found in Mass. Gen. Laws ch. 244, §§14-17B (1996), governing foreclosure of real estate mortgages, have been adhered to, Massachusetts cases have generally regarded that as satisfying the fiduciary duty of a mortgagee to deal fairly with the mortgaged property, unless the mortgagee’s conduct manifested fraud, bad faith, or.the absence of reasonable diligence in the foreclosure sale process. Pemstein v. Stimpson, 36 Mass.App.Ct. 283, 286 (1994) (citations omitted). Accord Fairhaven Sav. Bank v. Callahan, 391 Mass. 1011, 1012 (1984); Framingham Sav. Bank v. Turk, No. 94-9296, 1994 WL 593897, at *2 (Mass.App.Div. Oct. 25, 1994). In this case, Defendants do not allege fraud or bad faith, but rather absence of diligence in the foreclosure sale process by failing to show that the statutory requirements of Mass. Gen. Laws ch. 244, §§14-17B were followed (1996).
The reasonable diligence standard governing real estate foreclosure sales inquires whether the sale has been advertised at least as required by Mass. Gen. Laws ch. 244, §14 (1996),[1] whether proceedings have been open, and whether notice of the foreclosure sale has been given to obviously interested parties, especially those who have manifested interest. Pemstein, 36 Mass.App.Ct. at 286; Mutual Bank for Sav. v. Silverman, 13 Mass.App.Ct. 1059, 1060 (1982). The New Bank foreclosed on the defendants’ mortgage and sold the Sandwich property at auction on January 15, 1991. According to Plaintiffs affidavit of Kathryn A. McDonough, the foreclosure sale was properly advertised for the three weeks of December 12th, 19th, and 26th of 1990, in the Lowell Sun newspaper before it was sold to the highest bidder, the Madison Realty Corporation for $95,473.00. In addition, the affidavit asserts the all facets of Mass. Gen. Laws ch. 244, §14 were followed prior to the sale, including the mailing or the required notices by registered mail. (1996). The defendants have provided no affidavits asserting facts which place in issue whether these minimum requirements had been met. Consequently, Defendants’ claims that the foreclosure process was not followed with due diligence is unsupported by the evidence. See Mutual Bank for Sav., 13 Mass.App.Ct. at 1060.
However, the amount due here constitutes a deficiency resulting from a foreclosure of real property within the meaning of Mass. Gen. Laws ch. 244, §17B (1996).[2] The statute provides in pertinent part:
No action for a deficiency shall be brought ... by the holder of a mortgage note or other obligation secured by a mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee’s intention to foreclose the mortgage has been mailed, postage prepaid, by registered mail with return receipt requested, to the defendant sought to be charged with the deficiency... not less than twenfy-one days before the sale . . . and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice. Mass. Gen. Laws ch. 244, §17B (1996).
“If the mortgagee intends to go after a deficiency judgment (in the event that there is a purchase at the foreclosure sale for less than the remaining mortgage debt), the mortgagee will be barred from doing so if he has failed to give the necessary statutory notices." Guempel v. Great Am. Ins. Co., 11 Mass.App.Ct. 845, 851 (1981). Absent the prior statutory notice to the mortgagor, the purchase at the foreclosure sale will be treated “as sufficiently discharging the mortgage debt ... to prevent any further effective recovery of it by the mortgagee or any person claiming in its stead.” Id.
According to the affidavit of Kathryn A. McDonough, the plaintiff has met this burden. Proper notice was sent to the defendants, approximately one month prior to foreclosure, by registered mail with return receipt requested. Section 17B provides that an affidavit of the mailing of the notice is prima facie evidence of the mailing of such notice. Mass. Gen. Laws ch. 244, §17B (1996); Mutual Bank for Sav., 13 Mass.App.Ct. at 1060-61. In this instance, Defendants’ mere assertion that proper notice was never given, unsupported by an affidavit, is not enough to raise an issue of material fact to contradict the prima facie evidence that such notice was given. See Mutual Bank for Sav., 13 Mass.App.Ct. at 1060-61 (holding that summary judgment for the plaintiff was in error because an issue of material fact was raised, by the defendants’ affidavits which asserted that no notice was ever given, as to whether the notice of the foreclosure was received by the defendants).
The defendants also contend that Plaintiffs deficiency action is barred for not being brought within the time specified by the General Laws of the Commonwealth. Mass. Gen. Laws ch. 244, §17A states that “(a)ctions on mortgage notes ... to recover judgments for deficiencies after foreclosure . . . shall... be commenced within two years after the date of the foreclo *612 sure sale ...” (1996). However, according to the Federal Institutions Reform, Recovery and Enforcement Act of 1989 (“FIRREA”), the federal statute of limitations is six years. 12 U.S.C. §1821(d)(14) (1997). And since Brae Asset is an assignee of the FDIC, the six years statute of limitations extends to it. See D’Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 469-72 (1942) (holding that the application of the six year statute of limitations in 12 U.S.C. §1821(d)(14) (1997) to an assignee of the FDIC fell within Congress’ intent when constructing the statute); FDIC v. Bledsoe, 989 F.2d 805, 809-10 (5th Cir. 1993) (holding that Federal Savings, as assignee of the FDIC and FSLIC (Federal Savings and Loan Insurance Corporation) was entitled to the same six year statute of limitations as the FDIC and FSLIC); NAB Asset Venture II, L.P. v. Gill, WL Mass.Div. 96-67, 96-209495 (holding that the trial court erred in applying the Commonwealth’s two year statute of limitations from Mass. Gen. Laws ch. 244, §17A (1996), rather than the federal statute of limitations in suit for money damages brought by a private party as assignee of the FDIC).[3]
The point in time when the six year statute of limitations begins to run “shall be the later of: (i) the date of the appointment of the [FDIC] as conservator or receiver; or (ii) the date on which the cause of action accrues.” 12 U.S.C. §1821(d)(4) (1997). Plaintiffs six year statute of limitations began on July 12, 1991, when the FDIC was appointed receiver of the New Bank. Accordingly, Plaintiff had until approximately July 12, 1997, to bring its claim for the deficiency on the Note.
ORDER
Based upon the foregoing, it is hereby ORDERED that the Plaintiffs Motion for Summary Judgment is ALLOWED.

 Mass. Gen. Laws ch. 244, §14 (1996), which was amended by Stat. 1991, c. 157, §§4,5; St. 1992, C. 285; St. 1992, C. 287, states in part: “no sale . .. shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper with general circulation in the town where the land lies and notice thereof has been sent by registered mail to the owner of record ... at least fourteen days prior to sale . . .”

 Mass. Gen. Laws ch. 244, §17B (1996) was inserted by St. 1945, c. 604, §1.

 Cf. Beckley Capital Ltd. Partnership v. DiGeronimo, 942 F.Sup. 728, 731 (D.N.H. 1996) (holding that state statute of limitations, rather than the federal six year statute of limitations, applied to suit against executrix, even if state statute of limitations would not apply to FDIC were it to have retained ownership of the guaranty); Fed. Debt Management v. Weatherly, 842 S.W.2d 774 (Tex.Ct.App.-Dallas, 1992), cert. den., 513 U.S. 872, 115 S.Ct. 196 (1994) (holding that 12 U.S.C. 1821(d)(14) (1997) applies only to actions brought by the FDIC, not its assignees).