Caren **MYERS** and Euston Thomas, Plaintiffs,

v.

Michael **WIEDERHOL** and ·United States of America c/o United States Post Office, Defendants.

No. 97–CV–5428 ILG.

United States District Court, E.D. New York.

March 23, 1999.

**150**

Steven L. Hubert, Brooklyn, New York, for Myers.

John H. Shields, Virag & Virag, New York City, for Thomas.

### MEMORANDUM AND ORDER

GLASSER, District Judge.

Plaintiffs filed a demand for a trial de novo following an adverse decision from an arbitrator to whom the matter was referred by agreement of the parties in accordance with the Court Annexed Arbitration Program pursuant to Local Rule 83.10.[1] Presently before the Court is the government's motion to strike that demand.

### BACKGROUND

Plaintiffs, Caren Myers ("Myers") and Euston Thomas ("Thomas"), were involved in a car accident with a United States Postal truck, operated by defendant Michael Wiederhol.

A letter written by the Arbitrator, David Goldblatt, to Magistrate Go details the events surrounding the two separate arbitration hearings that were held. *See* Goldblatt Let., Dkt. # 18. At the first hearing held on September 17, 1998, plaintiffs failed to appear, although counsel appeared on their behalf. At that hearing, counsel for Myers, Steven L. Hubert, stated that he informed his client both by telephone and in writing of the arbitration. Myers, however, does not acknowledge receiving a phone call and states that she "did not receive written confirmation [of the] September 17, 1998 arbitration, and therefore did not attend." *See* Myers Aff. ¶¶ 4–5. Counsel for Thomas, John H. Shields of Virag & Virag, offers no explanation for his client's absence.

In addition, at that first hearing, counsel for Myers delivered to the government copies of the documents he intended to offer as exhibits in contravention of Local Rule 83.10(f)(5) which required those documents to be furnished 10 days prior to the hearing. The hearing was not completed and was ad-

---

1. Local Rule 83.10(d)(1) ("Civil Cases Eligible for Compulsory Arbitration") provides, in pertinent part: "The Clerk of the Court shall ... designate and process for compulsory arbitration all civil cases ... wherein money damages are being sought in an amount not in excess of $100,000.00 exclusive of interest and costs." Al-

though the damages sought in this case exceeded $100,000, the parties agreed to court-annexed arbitration pursuant to Local Rule 83.10(d)(2) ("the parties may by written stipulation agree [to] court-annexed arbitration any civil case that is not subject to compulsory arbitration hereunder.").

journed to October 21, 1998 at the request of plaintiffs' counsel.

At the second hearing, Myers again did not appear. She claims she was on vacation and never received notification of that hearing. She does, however, admit that after she returned home she received a letter from Hubert advising her that she missed a second arbitration. Myers Aff. ¶ 6. Although Hubert appeared on Myers' behalf, he offered no witnesses or documents in evidence in support of her claim.

Thomas did appear at the second hearing. Despite his appearance, his participation was lackluster, at best. His counsel advised the Arbitrator that he did not intend to call Thomas as a witness, and was not prepared to do so. *See* Goldblatt Let., Dkt. # 18. Only upon the Arbitrator's urging did Thomas testify. He was examined by Hubert, Meyers' counsel and was cross-examined by other counsel. In addition, Thomas' counsel did not present any witnesses and stated that he did not intend to offer any documents in evidence, anticipating they would not be received by the Arbitrator because they were hearsay. *Id.* Again, only upon the Arbitrator's prodding did Thomas' counsel attempt to offer documents in evidence—several of which, but not all, were indeed rejected as hearsay. *Id.*

Following the hearing, the arbitrator found in favor of the defendants. Thomas' counsel then filed a timely demand for a trial de novo pursuant to Local Rule 83.10(h) on behalf of both plaintiffs.[2]

The government now argues that plaintiffs' demand for a trial de novo should be stricken due to their alleged failure to participate in the arbitration in a "meaningful manner" pursuant to Local Rule 83.10(f)(3).[3]

### DISCUSSION

■ Local Rule 83.10(f)(3) provides:
The arbitration hearing may proceed in the absence of any party who, after notice, fails to be present. In the event, however, that a party fails to participate in the arbitration process in meaningful manner, the Court may impose appropriate sanctions, including, but not limited to, the striking of any demand for a trial de novo filed by that party.

The government claims that Myers' failure to appear at either arbitration hearing and Thomas' half-hearted participation during the proceeding constituted a failure to participate in a "meaningful manner," requiring the Court to strike plaintiffs' demand for a trial de novo.

Notably, no court in this district has addressed this issue. The government cites one case, *New England Merchants National Bank v. Hughes,* 556 F.Supp. 712 (E.D.Pa. 1983), in which a demand for a trial de novo was stricken where a party failed to appear at an arbitration. In that case, unlike here, neither the party, nor her counsel, nor any of their witnesses appeared at the arbitration. *Id.* at 713. Although the extreme sanction of striking a demand for a trial de novo may be appropriate when a party demonstrates such utter disregard of the arbitration process by completely refusing to participate or attend, this Court is reluctant to deprive plaintiffs of their day in court.

■ However, the perfunctory participation of plaintiffs' counsel in the arbitration process and their manifestly cavalier ap-

---

**2.** Local Rule 83.10(h)(1) provides, in relevant part: "Within 30 days after the arbitration award is entered on the docket, any party may demand in writing a trial de novo in the district court." Sub-section (2) of that rule further provides: "Upon a demand for a trial de novo ... the action shall be placed on the calender of the court and treated for all purposes as if it had not been referred to arbitration...." Local Rule 83.10(h)(2). In the event a party fails to demand a trial de novo within the 30 period after the award is filed, the award "shall be entered as the judgment of the court...." Local Rule 83.10(g)(1).

**3.** At the outset, the government also argues that Thomas' counsel, the law firm of Virag & Virag, had no authority to file a demand for a trial de novo on behalf of Meyers. Therefore, the government claims Hubert's failure to file a timely demand requires judgement to be entered in the case against Myers pursuant to Local Rule 83.10(h)(1). *See infra,* n. 2. However, on oral argument, Hubert represented that he delegated the filing of the demand on behalf of his client, Myers, to John H. Shields of Virag & Virag. This Court will accept his representation.

proach to it demands the imposition of sanctions which is authorized by Local Rule 83.10(f)(3).

Given their superficial, if not disdainful attendance upon the hearing which rendered them less effective than they should have been, it is plainly appropriate that plaintiffs' counsel be assessed the costs of the arbitration. Indeed, several courts have imposed similar sanctions under analogous circumstances. *See, e.g., Petermann v. Arundel Diesel Equipment Co., Inc.,* 1991 WL 13984 (E.D.Pa. Feb. 6, 1991) (defendant's motion to strike demand for trial de novo denied, but plaintiff ordered to bear defendants' costs of attending arbitration); *McGuigan v. State Farm Fire & Casualty Co.,* 1992 WL 296725 (E.D.Pa. Oct. 8, 1992) (same); *Gilling v. Eastern Airlines,* 680 F.Supp. 169, 171 (D.N.J.1988) (even though defendant's attorney's participation was a "sham" in that she presented no witnesses and merely "went through the motions," plaintiff's motion to strike demand for trial de novo was denied. However, defendants required to reimburse plaintiffs for all costs and fees for arbitration and for fees in opposing the motion); *David v. Klimowicz,* 1988 WL 74896 (E.D.Pa. July 12, 1988) (plaintiff's counsel ordered to pay defendants' fees and costs in attending arbitration where neither plaintiff, nor her counsel, nor any witness showed up).

■ In so holding, the Court recognizes the importance of compulsory arbitration and acknowledges the stern warning issued by the court in *Gilling v. Eastern Airlines,* 680 F.Supp. 169, 171 (D.N.J.1988): "counsel should be on notice that a trial de novo will not be automatically permitted in those cases in which the party seeking it views the arbitration proceeding merely as a meaningless interlude in the judicial process."

## *CONCLUSION*

The government's motion to strike plaintiffs' demand for a trial de novo is denied, but the Court orders that counsel for plaintiffs, Steven L. Hubert and Virag & Virag, shall be sanctioned. A determination of the appropriate amount to be assessed against counsel by way of sanction in addition to the costs to be taxed against them pursuant to 28 U.S.C. § 1920 is hereby referred to Magistrate Go to hear and determine. That amount shall be paid to the Clerk of the Court.

SO ORDERED.