## COMMONWEALTH *vs.* RUSSELL T. BLAKE.

No. 99-P-1597.

Plymouth. June 8, 2001. - September 17, 2001.

Present: LAURENCE, KANTROWITZ, & KAFKER, JJ.

*Motor Vehicle,* License to operate, Operating under the influence. *Evidence,* Hearsay. *Error, Harmless. Practice, Criminal,* Bifurcated trial, Redaction.

At the trial of a defendant charged with violating G. L. c. 90, § 23, second par., by operating a motor vehicle after his license to operate had been revoked pursuant to a violation of G. L. c. 90, § 24, operating under the influence of liquor, the judge properly admitted certified copies of three notices from the Registry of Motor Vehicles addressed to the defendant, informing the defendant that his right to operate a motor vehicle had been revoked, to prove that the defendant had notice that his driver's license had been revoked, and that the reason for the revocation was for driving under the influence, essential elements of the offense for which he was charged; further, any error by the judge in failing to redact extraneous entries on the notices was harmless in light of the overwhelming evidence against the defendant. [527-529]

A defendant on trial for operating a motor vehicle after his license to operate had been revoked, while at the same time being tried as a subsequent offender under the sentencing enhancement provisions of G. L. c. 90, § 23, second par., was not entitled to a bifurcated trial, where the defendant was not charged with a subsequent offense of driving under the influence, but with an independent, freestanding crime. [529-530]

At the trial of a defendant charged with violating G. L. c. 90, § 23, second par., by operating a motor vehicle after his license to operate had been revoked pursuant to a violation of G. L. c. 90, § 24, operating under the influence of liquor, there was sufficient evidence to prove that the defendant was the person who had been previously convicted of operating under the influence of liquor. [530]

COMPLAINT received and sworn to in the Plymouth Division of the District Court Department on August 13, 1997.

On transfer to the Wareham Division, the case was tried before *James M. Quinn,* J.

*J. Whitfield Larrabee* for the defendant.

*Carolyn A. Burbine*, Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. The defendant was convicted of violating G. L. c. 90, § 23, second par., by operating a motor vehicle after his license to operate had been revoked pursuant to a violation of G. L. c. 90, § 24, operating under the influence of liquor (OUI). He appeals, claiming that (1) the trial should have been bifurcated; (2) the notices sent to him from the Registry of Motor Vehicles (registry) informing him that his license had been revoked were inadmissible hearsay, or, in the alternative, should have been redacted prior to their being introduced in evidence; and (3) there was insufficient evidence to sustain a conviction. While we agree that the extraneous entries contained in the notices should have been redacted, we find the error harmless and affirm for the reasons set forth below.

1. *Facts*. On July 31, 1997, Hanson police Officer Paul O'Brien pulled over a car driven by the defendant.[1] Officer O'Brien ran a check on the defendant's license and found that it had been revoked. Officer O'Brien did not arrest the defendant at that time because there were four children and a passenger with a valid driver's license in the car. Instead, Officer O'Brien cited the defendant under G. L. c. 90, § 23.

The defendant told Officer O'Brien that his current address was 161 Winter Street, Hanson, even though the address printed on the license stated 750 Nantasket Avenue, Hull. Officer O'Brien wrote the citation using the 750 Nantasket Avenue address as there was no change of address sticker on the defendant's license.

2. *Redaction*. At trial, the Commonwealth introduced certified copies of three registry notices addressed to the defendant at 161 Winter Street, Hanson, informing him that his right to operate a motor vehicle had been revoked. The notices were dated July 1, 2, and 3, 1997. The notices showed that the defendant had been convicted of "DWI Liquor" a number of times from 1990 till 1995. The notices also showed that the defendant had been convicted of driving to endanger, having no liability insurance policy, and leaving the scene of an accident after causing

---

[1] The propriety of the initial stop is not at issue on appeal.

property damage. The trial judge admitted the notices over the defendant's objection and denied the defendant's request to redact the information about the prior offenses other than "DWI-Liquor."

The defendant argues that the notices were inadmissible because they contained highly prejudicial and irrelevant information, and "exposed the jury to extensive bad acts evidence suggesting that [the defendant] had propensity to commit driving violations." The defendant contends that the notices diverted the jury from the "question of the defendant's guilt to the question of the defendant's bad character." *Commonwealth* v. *Maguire*, 392 Mass. 466, 469 (1984).

The notices were indeed admissible under G. L. c. 90, § 30, "to prove the facts contained therein."[2] While impermissible to demonstrate bad character, the notices were admissible to prove that the defendant had notice that his driver's license had been revoked, and that the reason for the revocation was for driving under the influence, "essential element[s] of the offense with which he was charged."[3] *Commonwealth* v. *Parzyck*, 44 Mass. App. Ct. 655, 657 (1998).

"While the better practice would have been to redact any extraneous entries [such as driving to endanger, leaving the scene, and having no liability policy], in these circumstances, we perceive no risk that the jury impermissibly convicted the defendant of [driving after revocation of license] on the basis of those entries." *Ibid.* The error was harmless in light of the

[2]General Laws c. 90, § 30, states that "[c]ertified copies of such records of the registrar, attested by the registrar or his authorized agent, shall be admissible as evidence in any court of the commonwealth to prove the facts contained therein." The Commonwealth was not required to introduce certified copies of the defendant's actual court convictions. Cf. *Commonwealth* v. *Koney*, 421 Mass. 295, 302-303 (1995); *Commonwealth* v. *Lora*, 43 Mass. App. Ct. 136, 137 (1997).

[3]Four elements must be proven to convict a defendant under the second paragraph of G. L. c. 90, § 23: (1) the defendant operated a motor vehicle; (2) at the time the defendant was operating the motor vehicle, his driver's license had been revoked or suspended; (3) *the defendant had lost his license due to operating a motor vehicle while under the influence of alcohol*; and (4) *the defendant had received notice* that the defendant's driver's license had been suspended or revoked (emphasis added). Model Jury Instructions for Use in the District Court § 5.13 (1989).

overwhelming evidence against the defendant. Contrast *Commonwealth* v. *Ford*, 397 Mass. 298, 300-302 (1986).

3. *Bifurcation of trial.* General Laws c. 278, § 11A, provides that if a defendant is charged with a crime which has a more severe punishment in the case of a second or subsequent offense, he is entitled to a separate trial on the second or subsequent offense. The defendant contends the trial judge violated G. L. c. 278, § 11A, and his Federal and State due process rights by placing him on trial for operating a motor vehicle after his license to operate had been revoked, while at the same time placing him on trial as a subsequent offender under the sentencing enhancement provisions of G. L. c. 90, § 23, second par. The defendant argues that under G. L. c. 90, § 23, second par., the fact that the defendant had had his license revoked due to operating a motor vehicle while under the influence is not an element of the crime of driving after revocation of a license. According to the defendant, it is a sentencing enhancement provision. Thus, he argues that G. L. c. 278, § 11A, applies.

The defendant's argument is not supported by a clear reading of G. L. c. 90, § 23, second par, which states in relevant part:

> "Any person convicted of operating a motor vehicle after his license to operate has been suspended or revoked pursuant to a violation of paragraph (a) of subdivision (1) of section twenty-four, . . . and prior to the restoration of such license or right to operate or the issuance to him of a new license to operate shall be punished . . . ."

General Laws c. 90, § 23, second par., charges an independent crime, i.e., driving with a license suspended or revoked due to operating a motor vehicle while under the influence. See *Commonwealth* v. *Dowler*, 414 Mass. 212, 215 (1993).[4] The reason for the suspension or revocation of the license — operating a motor vehicle while under the influence of alcohol — is an element of the crime with which the defendant was charged. Here, the defendant was not charged with a subsequent offense of driving under the influence, but with an independent, freestand-

---

[4]While the statute has been amended since *Dowler*, the change does not affect this case.

ing crime. Compare *Bynum* v. *Commonwealth*, 429 Mass. 705, 708-709 (1999) (because G. L. c. 94C, § 32A (*d*), is a sentencing enhancement statute and does not state a separate crime, c. 278, § 11A, applies), with *Commonwealth* v. *Zuzick*, 45 Mass. App. Ct. 71, 74-75 (1998) (c. 278, § 11A, applicable to second and subsequent OUI charge under G. L. c. 90, § 24).

4. *Sufficiency of evidence.* Finally, the defendant argues that the Commonwealth did not present sufficient evidence to prove that he was the person who had been previously convicted of operating under the influence. The defendant contends that the Commonwealth was required to introduce certified copies of the defendant's convictions and could not rely on the registry notices. As stated earlier, the Commonwealth was not required to do so to satisfy its burden of proof. See n.2, *supra.*

At trial, the defendant argued that he should be found not guilty as the notices from the registry were mailed to the wrong address. This issue is disposed of simply by acknowledging that the defendant told the police officer at the scene that he lived at 161 Winter Street, the address to which the notices were ultimately sent. "Proper mailing of a letter is prima facie evidence of receipt by the addressee." *Commonwealth* v. *Koney*, 421 Mass. 295, 303-304 (1995). *Commonwealth* v. *Lora*, 43 Mass. App. Ct. 136, 143 (1997).

Lastly, the defendant asserts that since the notices used the abbreviation "DWI" as opposed to "OUI," there is no evidence that he had been convicted under G. L. c. 90, § 24(*a*)(1). This argument is also meritless, as the notices also referred to "Liquor." The jury could have reasonably inferred that a conviction for "DWI Liquor" constituted a conviction for operating a motor vehicle while under the influence of alcohol and that it was the present defendant who was previously convicted thereunder. See *Commonwealth* v. *Anderson*, 48 Mass. App. Ct. 508, 511 (2000), citing *Commonwealth* v. *Roman*, 427 Mass. 1006, 1007 (1998) (jury may draw reasonable and possible inferences from circumstantial evidence).

*Judgment affirmed.*