COMMONWEALTH *vs.* RUSSELL J. BEAULIEU.

No. 09-P-1565.

Middlesex. November 8, 2010. - March 18, 2011.

Present: BERRY, SMITH, & GREEN, JJ.

*Practice, Criminal,* Bifurcated trial, Redaction, Prior conviction, Instructions to jury, Argument by prosecutor. *Motor Vehicle,* Operating under the influence. *Evidence,* Field sobriety test.

This court concluded that G. L. c. 278, § 11A, did not compel the bifurcation of the trial of a complaint charging a defendant with operation of a motor vehicle while under the influence of intoxicating liquor after his license had been suspended or revoked for a prior similar crime, in violation of G. L. c. 90, § 23, given that § 23 creates a freestanding crime and does not contain any enhancement provision. [102]

At the trial of a criminal complaint charging operation of a motor vehicle while under the influence of intoxicating liquor after a license suspension or revocation for a prior similar crime, there was no error in the admission in evidence of a certified copy of the defendant's most recent conviction of operating a motor vehicle while under the influence, where the certified copy was properly redacted and the judge gave proper limiting instructions on the use of such evidence. [102-103]

At the trial of a criminal complaint charging operation of a motor vehicle while under the influence of intoxicating liquor (fourth offense) and operation of a motor vehicle while under the influence of intoxicating liquor after a license suspension or revocation for a prior similar crime, the judge did not err in allowing the Commonwealth to introduce evidence of the defendant's refusal to perform field sobriety tests, where it was clear that the defendant opened the door to the admission of this evidence by raising the issue during his cross-examination of the arresting officer, and where, at any rate, the evidence of the defendant's intoxication was overwhelming. [103-105]

COMPLAINTS received and sworn to in the Malden Division of the District Court Department on December 22, 2008, and March 25, 2009.

A motion to bifurcate trial was heard by *Dominic J. Paratore,* J., and the cases were tried before him.

*Yefim Luvish* for the defendant.

*David Rubin*, Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant, Russell J. Beaulieu, appeals from his convictions of (1) operating a motor vehicle while under the influence of intoxicating liquor, fourth offense, see G. L. c. 90, § 24 (hereinafter count one); and (2) operating a motor vehicle while under the influence of intoxicating liquor, while his license was suspended for operating a motor vehicle while under the influence of intoxicating liquor, see G. L. c. 90, § 23 (hereinafter count two). On appeal, the defendant claims that the judge erred by (1) denying his motion to bifurcate the trial of count two, (2) allowing in evidence repeated references to a prior conviction of operating under the influence, and (3) allowing in evidence that he refused to perform field sobriety tests.

1. *Facts.* On the evening of December 19, 2008, the defendant, driving a pickup truck, collided with a parked car in Everett, setting off its car alarm. The owner of the parked car, alerted by the alarm, looked out the window of his apartment, and saw the damage to his car and that the truck was stuck in a snow bank. The owner approached the defendant, who admitted that he had hit the car. The defendant did not produce the required paperwork concerning the registration of the truck, the insurance of the truck, or any other identifying paperwork, and the owner told him that he was going to telephone the police. The defendant begged him not to do so, but when it became clear that the owner was going to telephone the police anyway, the defendant asked the owner to tell the police that the defendant had not been driving the truck. The owner's wife telephoned the police. Before the police arrived, a friend of the defendant happened upon the scene. When a police officer arrived shortly thereafter, the defendant told the officer that his friend had been driving the truck, and that she had hit the owner's vehicle. Upon investigation, the officer learned that the friend had not been driving the truck. Because the defendant was very unsteady on his feet, smelled strongly of alcohol, had red glassy eyes, slurred his speech, and was generally uncooperative, the officer arrested him. While being booked, another officer observed the defendant and also concluded that the defendant was intoxicated.

An investigation of the defendant's record demonstrated he

had been convicted of operating a motor vehicle while under the influence of liquor on three separate occasions. Furthermore, at the time of his arrest for the latest offense, the defendant's license had been suspended because of a conviction of operating a motor vehicle while under the influence of liquor.

2. *Discussion of issues raised on appeal.* a. *Denial of motion to bifurcate trial.* The defendant claims that bifurcation of count two was compelled by G. L. c. 278, § 11A, inserted by St. 1967, c. 213, which governs crimes "for which more severe punishment is provided for second and subsequent offenses." In such cases, and where the complaint or indictment alleges that the offense charged is a second or subsequent offense, the defendant is "entitled to a separate trial on the second or subsequent offense." *Commonwealth* v. *Blake*, 52 Mass. App. Ct. 526, 529 (2001).

Count two, under G. L. c. 90, § 23, does not contain any enhancement provision.[1] Although that crime requires proof that the defendant was operating a motor vehicle while under the influence of alcohol "after his license to operate ha[d] been suspended or revoked for a prior similar crime," G. L. c. 90, § 23, as appearing in St. 1954, c. 74, the "reason for the suspension or revocation of the license — operating a motor vehicle while under the influence of alcohol — is an element of the crime with which the defendant was charged," *ibid.*, and is not a sentencing enhancement. Also, the fact that the Legislature has provided for a separate and distinct sentence for conviction of this crime demonstrates that, like the school zone statute, § 23 creates a freestanding crime and is not a sentencing enhancement provision. Thus, bifurcation is not compelled.[2]

b. *Admission in evidence of defendant's prior operating while*

---

[1]Count one, under G. L. c. 90, § 24, provides enhanced penalties where a defendant has been convicted "of a like offense four or more times preceding" the incident of which he stands accused. G. L. c. 90, § 24(1)(*a*)(1), as appearing in St. 1994, c. 25, § 3. Recognizing that the statutory enhancement required severance, the trial judge properly afforded the defendant a separate trial on the fourth offense portion of that charge. See *Commonwealth* v. *Zuzick*, 45 Mass. App. Ct. 71, 74-75 (1998). Therefore, G. L. c. 278, § 11A, was fully satisfied with respect to that count.

[2]Furthermore, the trial of the two counts together does not violate G. L. c. 278, § 11A, because that statute only compels severance where the defendant is "charged with a crime for which more severe punishment is provided

*under the influence conviction.* The defendant claims that the admission in evidence of the certified copy of his prior conviction of operating while under the influence was error. We reject the defendant's claim.

In order to meet its burden of showing that at the time the defendant was arrested for operating a motor vehicle while under the influence of alcohol, his license had been suspended for a similar offense, the Commonwealth offered a certified copy of the defendant's most recent conviction of operating while under the influence. The certified copy was properly redacted. Contrast *Commonwealth* v. *Clark*, 23 Mass. App. Ct. 375, 381 (1987). The judge gave limiting instructions on the use of such evidence in his opening remarks to the jury, at the time the evidence was offered, and again during his final instructions to the jury. The instructions were proper in all aspects and we presume that the jury followed them. *Commonwealth* v. *Watkins*, 425 Mass. 830, 840 (1997). Likewise, the prosecutor's references to the prior conviction were appropriately limited to the proper purpose of such evidence. Therefore, there was no error.

c. *Admission in evidence of defendant's refusal to perform field sobriety tests.* The defendant claims that the judge committed reversible error in allowing the Commonwealth to introduce evidence of his refusal to perform field sobriety tests. There was no objection to the evidence. Thus, we review to determine whether there was error, and if so, whether such error created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Orben*, 53 Mass. App. Ct. 700, 703 (2002).

It is well established that evidence of a defendant's refusal to perform field sobriety tests is inadmissible under art. 12 of the Massachusetts Declaration of Rights. *Commonwealth* v. *Curley*, 78 Mass. App. Ct. 163, 167 n.11 (2010), citing *Commonwealth* v. *McGrail*, 419 Mass. 774, 779-780 (1995).

The strategy of the defense was to demonstrate that the police did not conduct a thorough investigation, including the failure

for second and subsequent offenses." Regarding count two, "the defendant was not charged with a subsequent offense of driving under the influence, but with an independent, freestanding crime." *Commonwealth* v. *Blake*, 52 Mass. App. Ct. at 529-530. Because neither count one nor count two properly can be construed as a subsequent violation of the other, G. L. c. 278, § 11A, is inapplicable and severance was not compelled by it.

to request that the defendant perform field sobriety tests. Defense counsel in his opening statement described in considerable detail the field sobriety tests that police officers typically request an individual to perform after being stopped on suspicion of operating a motor vehicle while under the influence of alcohol. Defense counsel informed the jury that the purpose of the tests is to determine if the person is intoxicated, and if the performance is satisfactory, the person is not arrested. The jury then was informed by defense counsel, "Now, the police officer, notwithstanding the [weather] conditions, never asked my client to do any of these things, absolutely none of these things."

On cross-examination of the arresting officer, defense counsel asked the witness to describe the various field sobriety tests. After the witness complied, defense counsel asked the witness if he ever asked the defendant to perform the field sobriety tests. The witness responded that he indeed had asked the defendant to perform the tests. After asking a few more questions as to the different types of field sobriety tests, defense counsel concluded his questions on that topic.[3]

On redirect examination of the same witness the prosecutor questioned the officer about whether he had had a conversation with the defendant in regard to the field sobriety tests. The witness responded that he had told the defendant that the conditions had improved such that he could take the tests, and if he passed, he would be " 'released' from the OUI charge." The prosecutor asked the witness as to the defendant's response, to which the witness replied that the defendant had told the witness "to go fuck [himself]."

It is clear that the defendant opened the door to the admission of the refusal evidence by raising the issue during his cross-examination of the arresting officer. See *Commonwealth* v. *Irwin*, 72 Mass. App. Ct. 643, 653 n.15 (2008). See also *Commonwealth* v. *Johnson*, 46 Mass. App. Ct. 398, 405-406 (1999) (where defendant implied in testimony that he cooperated with voice identification procedure, prosecutor was allowed to introduce evidence that defendant failed to appear at first two

---

[3]In cross-examination of another police officer, defense counsel again questioned the lack of field sobriety tests, with the officer responding that the defendant "did not take any."

scheduled voice identification lineups). In these circumstances there was no error.

In any event, if there were error it did not create a substantial risk of a miscarriage of justice. "An error creates a substantial risk of a miscarriage of justice unless we are persuaded that it did not 'materially influence[]' the guilty verdict." *Commonwealth* v. *Alphas*, 430 Mass. 8, 13 (1999), quoting from *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967).

The evidence of the defendant's intoxication was overwhelming: he struck a parked car, refused to provide correct identifying information to the owner of the car he had damaged, begged that individual not to telephone the police, claimed that someone else had been driving the car, and demonstrated indicia of being intoxicated, as so testified by two police officers. In view of the overwhelming evidence against the defendant, even if there were error, there was no substantial risk of a miscarriage of justice by admitting evidence of the defendant's refusal to perform field sobriety tests.

*Judgments affirmed.*