Following a jury trial in the District Court, the defendant, Michael M. Karanja, was convicted of operating under the influence of intoxicating liquor (OUI) third offense, OUI while his license was suspended for OUI ("OUI while OAS for OUI"), and leaving the scene of property damage. On appeal, he contends that the judge abused her discretion by refusing to bifurcate the OUI while OAS for OUI count from the OUI count. We affirm.
Background. On August 2, 2016, at approximately 8:30 P.M. , the defendant crashed the white Toyota Corolla automobile he was driving into the rear of a parked Honda Civic on Barker Avenue in Lowell. The crash caused extensive damage to the parked Civic, which "was totaled." A neighborhood resident, Sean Cailler, heard the sound of the crash from his nearby home, went outside, and approached the Corolla. Cailler noticed that the Corolla was still running, the defendant was "fishing through" the glove box, and the vehicle smelled of alcohol. Cailler reached inside the Corolla, shut the vehicle off, and told the defendant "he needs to get out of the car." Cailler helped the defendant out of the vehicle and also noted that the defendant had slurred speech. The defendant then ran away from the accident scene. A different neighbor tried to stop him, but the defendant shoved him out of the way. Cailler pursued the defendant, brought him to the ground, and held him until the police arrived.
Officer Brian Rourke arrived at the scene, approached Cailler and the defendant, and asked the defendant if he was okay. The defendant was "very hard to understand." His speech was "slurred," and "[a] lot of his words were almost unrecognizable." Officer Rourke detected a strong odor of alcohol from the defendant. The defendant "had zero balance" and could not stand on his own. Officer Rourke called for EMTs who subsequently transported the defendant to the hospital. There, the defendant "started to become more aggressive," and he was reluctant to receive medical help. His speech and responses were observed to be "[d]elayed" and "sluggish."
While the defendant was being treated by EMTs, Officer Rourke conducted an inventory search of the Corolla. Therein he located two water bottles containing a clear liquid, which "smelled like an alcoholic beverage."
Discussion. Prior to trial, the Commonwealth moved in limine to introduce evidence of the defendant's prior conviction and license suspension. The defendant objected, and asked the judge to try some portion of the OUI while OAS for OUI count with the trial on the OUI third offense count.[2] The judge denied the defendant's request and allowed the Commonwealth's motion. The defendant contends that the judge abused her discretion in denying his request to bifurcate the OUI while OAS for OUI count from the OUI count because (a) it caused the jury to hear highly prejudicial evidence and (b) the judge failed to give "serious consideration" to the request. The Commonwealth responds that the judge acted within her discretion under well-established precedent and properly considered the defendant's request. In addition, the Commonwealth contends that any alleged prejudice was alleviated by the judge's clear and repeated limiting instructions. Under the particular facts of this case, the Commonwealth has the better argument.
Initially, it is black letter law that "the decision to bifurcate is committed to the judge's discretion," Commonwealth v. Lopes, 85 Mass. App. Ct. 341, 349 (2014), and that "bifurcation is not compelled" in cases involving the criminal charges present here. Commonwealth v. Beaulieu, 79 Mass. App. Ct. 100, 102 (2011). Furthermore, the judge provided immediate limiting instructions at trial, which mitigated any risk of prejudice. Moreover, the judge did not merely repeat the limiting instruction in her final jury charge, but she allowed defense counsel to draft his own limiting instruction, which she read to the jury. "The instructions were proper in all aspects and we presume that the jury followed them." Id. at 103.
Contrary to the defendant's claim, the judge also properly considered the defendant's request to bifurcate. First, the defendant's request was unclear. See note 1, supra. Second, the judge provided an opportunity for the defendant to explain the basis of his request, and noted that under "clear" precedent, she had discretion to deny the request. Third, when the defendant later renewed his objection, the judge allowed him to be heard, paused to review case law, cited to Beaulieu, referenced the holding in that case, and explained her basis for denying the request. Viewed in context and under the totality of the circumstances, the judge's approach constituted serious consideration of the defendant's request. See Lopes, 85 Mass. App. Ct. at 349 ("although the decision to bifurcate is committed to the judge's discretion, it is an option worthy of serious consideration").[3]
Judgments affirmed.

The defendant's request to bifurcate, and the manner in which he proposed to bifurcate the OUI while OAS for OUI count, is unclear. Defense counsel states as follows:
"What I'm asking you to do just technically is to have the first trial on OUI, OAS, and then I guess the three, four and then the second bifurcated trial would then be if he's convicted for the -- to prove the OUI. Obviously he had the two prior OUIs which would be bifurcated and OAS and also to prove that he had -- so the registered documents would fall into show that he had been suspended for OAS also. Because otherwise, Your Honor, what's happening is this jury is improperly finding out on an OUI one charge that he has a prior suspension for OUI if those documents are let in. So that's why I'm saying OAS -- I'm suggesting OAS second count be tried and then there'd be two prongs in the bifurcation."
We cannot discern whether defense counsel was asking the judge to conduct two or three separate trials. We also cannot discern whether he was asking to try all or only a portion of the OUI while OAS for OUI count separately from the OUI count.

We note that the evidence of the defendant's intoxication was strong and corroborated by the liquid in the Corolla that "smelled like an alcoholic beverage," and the motor vehicle crash itself. In addition, the jury could have viewed the defendant's flight from the accident scene as consciousness of guilt evidence. See Commonwealth v. Rojas, 388 Mass. 626, 629 (1983).